HOLLAND & HART LLP
Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Kathy A.F. Davis (#4022)
K. Tess Davis (#15831)
Stephen K. Kaiser (#18146)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
kathydavis@agutah.gov
kaitlindavis@agutah.gov
skkaiser@agutah.gov

*Attorneys for Plaintiff State of Utah*

---

## IN THE UNITED STATES JUDICIAL DISTRICT COURT FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No. _____<br><br>Judge: _____ |

Kane County, Utah, a Utah political subdivision, and the State of Utah file their

Complaint against the United States of America and allege as follows:

## JURISDICTION AND VENUE

1.      The claims asserted herein arise under the Quiet Title Act. 28 U.S.C. § 2409a ("QTA").

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 2409a (quiet title) and 28 U.S.C. § 1346(f) (quiet title), as this case involves claims to ownership of public highway rights-of-way crossing lands owned by the United States of America.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(e) because the property at issue is in Kane County, Utah.

## PARTIES AND INTEREST

4.      Kane County, Utah ("Kane County") is a local political subdivision of the State of Utah, duly authorized to maintain this action.

5.      The State of Utah ("State") is one of fifty sovereign states forming the United States of America, having been admitted to the Union on January 4, 1896. Collectively, Kane County and the State may be referred to as "Plaintiffs."

6.      On or about June 14, 2000, the State filed a Notice of Intent to Sue with the Secretary of the Department of the Interior ("DOI") over certain R.S. 2477 rights-of-way, including the three roads in this action. *See* 28 U.S.C. § 2409a(m) (State notice of intent to sue). A copy of the Notice of Intent is attached as Exhibit 1.

7.      Plaintiffs own title and have statutory duties for public roads and their rights-of-way within Kane County, Utah, *inter alia*, pursuant to Utah Code §§ 17-50-309, 72-3-103, 72-5-103–105, and 72-5-302.

8.      Defendant United States of America is the owner of the lands traversed by and subject to the roads and rights-of-way claimed herein.

## PRIOR LITIGATION INVOLVING THE ROADS IN THIS LAWSUIT

9.      This lawsuit involves the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road. These three roads and rights-of-way were previously the subject of the lawsuit styled as *Kane County, Utah (1) v. United States*, No. 2:08-cv-00315 CW (D. Utah).

10.      In 2011, Plaintiffs won title to the K1100 Hancock Road by summary judgment. *Kane County, Utah (1) v. United States*, 2011 WL 2489819, *1, 7 (D. Utah June 21, 2011).

11.      In 2013, after years of litigation and a full trial on the merits, Plaintiffs proved their title to the rights-of-way for the K1100 Hancock Road (66-foot right-of-way), and the K1070 Cave Lakes Road (18-foot right-of-way). *Kane County, Utah (1) v. United States*, No. 2:08-cv-0315, 2013 WL 1180764, *54, 63-65 (D. Utah Mar. 20, 2013).

12.      Plaintiffs did not win title to the right-of-way to the K1075 Cave Lakes Road.[1] *Id*. at *55. The court held that the evidence in support of this right-of-way fell short of a clear and convincing evidence standard of proof. *Id*.; *see also id*. at *43-45 (standard of proof is by clear and convincing evidence).

13.      Plaintiffs appealed the loss of the K1075 Cave Lakes Road, contending that a "preponderance of the evidence" is the appropriate burden of proof. *Kane Cty. v. United States*, 772 F.3d 1205, 1222 (10th Cir. 2014) (citation omitted).

14.      The Tenth Circuit did not decide whether the standard of proof should be by clear and convincing evidence or a preponderance of the evidence for the K1075 Cave Lakes Road. *Id*. at 1222-23.

---

[1] Plaintiffs did not win title to two other roads in that lawsuit, the K1087 Cave Lakes Road and K1088 Cave Lakes Road. Plaintiffs did not appeal that decision, nor are those roads at issue herein.

15.     The United States also appealed part of the district court's decision. On appeal, the Tenth Circuit held that there was no case or controversy—no dispute as to title—for Plaintiffs' K1100 Hancock Road, K1070 Cave Lakes Road, and the K1075 Cave Lakes Road. Thus, the Tenth Circuit held that the district court lacked subject matter jurisdiction over the QTA claims to the K1100 Hancock Road, the K1070 Cave Lakes Road, and K1075 Cave Lakes Road. *Kane County, Utah (1) v. United States*, 772 F.3d 1205, 1213-14 (10th Cir. 2014).

16.     In the years following the Tenth Circuit's decision, the United States has not maintained or repaired the K1100 Hancock Road, nor has it offered to pay any of the costs incurred by Plaintiffs in maintaining, repairing, and regulating the K1100 Hancock Road.

17.     As set forth below, the United States has now confirmed that it disputes Plaintiffs' title to the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road.

18.     Thus, a title dispute has arisen over the ownership of the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road and their rights-of-way as described herein.

19.     Due to the United States position, Plaintiffs must file suit to confirm their title to these three roads.

## CONGRESSIONAL GRANT OF RIGHTS-OF-WAY FOR PUBLIC HIGHWAYS CROSSING PUBLIC LAND

20.     Section 8 of the Mining Law of 1866, 14 Stat. 253, later codified as Revised Statute 2477, and later as 43 U.S.C. § 932 (repealed) (hereinafter "R.S. 2477"), provides: "*And be it further enacted*, That the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

4

21.     R.S. 2477 was a congressional grant of public highway rights-of-way for the benefit of miners, ranchers, homesteaders and members of the public who had need to travel across public lands. *See generally Southern Utah Wilderness Alliance v. Bureau of Land Management*, 425 F.3d 735 (10th Cir. 2005) ("*SUWA v. BLM*").

22.     Acceptance and vesting "of R.S. 2477 rights-of-way required no administrative formalities: no entry, no application, no license, no patent, and no deed on the federal side; no formal act of public acceptance on the part of the states or localities in whom the right was vested." *SUWA*, 425 F.3d at 741. R.S. 2477 operated as a standing offer of a right-of-way over the public domain, and the grant may be accepted without formal action by public authorities. *Id*.

23.     "All that is required for title to pass are acts on the part of the grantee sufficient to manifest an intent to accept the congressional offer." *Wilderness Society v. Kane County*, 632 F.3d 1162, 1165 (10th Cir. 2011) (en banc) (cleaned up).

24.     As a matter of federal law, R.S. 2477 borrows from state public highway law relating to the acceptance and scope of such rights-of-way. *SUWA v. BLM*, 425 F.3d at 768.

25.     R.S. 2477 rights-of-way were accepted by governmental action or public use evidencing acceptance, including the construction or establishment of public highways across unreserved federal public lands.

26.     In Utah, one manifestation of governmental acceptance of an R.S. 2477 right-of-way occurred when a road was designated as a Class B General Highway on unreserved federal public lands prior to October 21, 1976. *Kane Cty. v. United States*, No. 2:10-cv-1073, 2024 U.S. Dist. LEXIS 142312, at *16-20 (D. Utah Aug. 9, 2024) ("*Kane Cty.*").

27.     In Utah, public acceptance of the grant of an R.S. 2477 right-of-way requires proof of "continuous public use for a period of ten years." *SUWA v. BLM*, 425 F.3d at 771.

28.    Congressionally granted R.S. 2477 public highway rights-of-way are property interests, sometimes considered a species of easement.

29.    The congressional grant of public highway rights-of-way embodied by R.S. 2477 operated on federal public lands, while not reserved for public uses, for 110 years until it was repealed on October 21, 1976, by the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §1701 *et seq*.

30.    Despite repealing R.S. 2477, Congress preserved vested R.S. 2477 rights-of-way as valid existing rights and expressly directed the United States and its subordinate agencies to manage federal lands subject to these valid existing rights. FLPMA Section 701(h) provides: "All actions by the Secretary concerned under this Act shall be subject to valid existing rights." 43 U.S.C. § 1701, note. *See also* 43 U.S.C. § 1769(a) ("Nothing in this subchapter shall have the effect of terminating any right-of-way or right of use heretofore issued, granted or permitted.").

31.    The scope of an R.S. 2477 right-of-way includes the course and location of the public highway so established, accepted and used, and that which is reasonable and necessary under the specific circumstances of the road for which the right-of-way serves.

32.    An R.S. 2477 right-of-way is not restricted to the beaten path of a road; it also includes the reasonable progression of the uses to which it has been put as long as they are reasonable and necessary under the circumstances and in light of traditional uses.

33.    The scope of an R.S. 2477 right-of-way includes that which is reasonable and necessary for safe public travel under the circumstances and according to the traditional modes of transportation on the road.

34.    An R.S. 2477 right-of-way is not limited to the beaten path of the road. The scope of an R.S. 2477 right-of-way includes both the travel surface and sufficient right-of-way as is

reasonable and necessary to provide for the safety of the traveling public, to protect the road's features, drainage, and maintenance, and to prevent unnecessary and undue degradation of adjacent lands.

35.     In Utah, R.S. 2477 rights-of-way that were accepted and vested as of October 21, 1976 remain as valid existing property rights until abandoned by formal action by Kane County and the State as the governmental owners.

36.     R.S. 2477 public highway rights-of-way continue to serve the congressional intent of benefiting members of the public and promoting the general public good by providing a safe and efficient means of access to and travel across federal public lands. R.S. 2477 public highways further serve the public need in facilitating search and rescue, fire suppression, and proper land management.

37.     Kane County and the State "depend upon their transportation systems for economic viability." *Kane Cnty.*, 2024 U.S. Dist. LEXIS 142312, at *11.

## LONG-STANDING DEPARTMENT OF INTERIOR INTERPRETATION OF R.S. 2477

38.     DOI regulations and policies pertaining to R.S. 2477 confirm that state law governs the acceptance and scope of R.S. 2477 rights-of-way. These regulations and policies served to ensure DOI's compliance with its statutory duty to manage the public lands subject to valid existing rights.

39.     As of and following 1939, R.S. 2477 interpretive regulations found at 43 C.F.R. §244.55 (1939) stated:

> [R.S. 2477] becomes effective upon the construction or establishing of highways, in accordance with the State laws, over public lands not reserved for public uses. No application should be filed under said R.S. 2477 as no action on the part of the Federal Government is necessary.

40.    As of and following 1963, R.S. 2477 interpretive regulations found at 43 C.F.R.

§244.58 (1963) stated:

> Grants of [R.S. 2477 rights-of-way] become effective upon the
> construction or establishment of highways, in accordance with the
> State laws, over public lands, not reserved for public uses. No
> application should be filed under R.S. 2477, as no action on the
> part of the Government is necessary.

41.    As of and following 1974, R.S. 2477 interpretive regulations found at 43 C.F.R.

§§ 2822.1-2 & 2822.2-1 (1974) stated:

> No application should be filed under R.S. 2477, as no action on the
> part of the Government is necessary. … Grants of [R.S. 2477 rights
> of-way] become effective upon the construction or establishment
> of highways, in accordance with the State laws, over public lands,
> not reserved for public uses.

42.    As of and following 1986, R.S. 2477 interpretive policies stated in Bureau of

Land Management ("BLM") Manual, R.2-229 stated:

> When public funds have been spent on the road it shall be
> considered a public road. When the history of the road is unknown
> or questionable, its existence in a condition suitable for public use
> is evidence that construction sufficient to cause a grant under RS
> 2477 has taken place.

43.    R.S. 2477 case law, long-standing DOI interpretation, and historical practice

confirm that R.S. 2477 rights-of-way include deviations, cuts, slopes, fill, water bars, culverts,

bridges, and areas that are reasonable and necessary to ensure safe travel according to sound

engineering practices.

## THE R.S. 2477 RIGHTS-OF-WAY FOR THE K1100 HANCOCK ROAD, THE K1070 CAVE LAKES ROAD, AND THE K1075 CAVE LAKES ROAD

44.    The K1100 Hancock Road is a chip sealed, two-lane road in southwestern Kane

County and crosses public lands within Township 42 and 43 South, Range 6, 7, and 8 West,

S.L.M. The course and location of the K1100 Hancock Road is shown in Exhibit 2, which is attached and incorporated herein. The K1100 Hancock Road is roughly 9.5 miles in length.

45.     The K1070 Cave Lakes Road (RD130016) is located in southwestern Kane County and crosses public lands within Township 42 South, Range 7 West, S.L.M. The course and location of the K1070 Cave Lakes Road is shown in Exhibit 3, which is attached and incorporated herein. The K1070 Cave Lakes Road is roughly one mile in length.

46.     The K1075 Cave Lakes Road (RD130017) is located in southwestern Kane County and crosses public lands within Township 42 South, Range 7 West, S.L.M. The course and location of the K1075 Cave Lakes Road is shown in Exhibit 4, which is attached and incorporated herein. The K1075 Cave Lakes Road is roughly 1.6 miles in length.

47.     After 1866 and prior to the repeal of R.S. 2477 on October 21, 1976, Kane County and the State, by and on behalf of the public, accepted R.S. 2477 rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Roads described herein on public lands not reserved for public uses.

48.     At the relevant times herein State law provided that a public highway right-of-way was dedicated and accepted under the jurisdiction and control of the local highway authority (Kane County) by the federal, State and local designation of the road as a Class B General Highway. *See* Utah Code Ann. § 72-3-103 (prior law in accord); *see also* Utah Code Ann. §27-12-22 (1963). The designation of a road as a Class B road on a General Highway map confirms that the road has been constructed and maintained for general public travel by two-wheel-drive passenger vehicles. *Kane Cnty.*, 2024 U.S. Dist. LEXIS 142312, *16-19.

49.     As shown below, the R.S. 2477 public highway right-of-way for the K1100 Hancock Road was accepted by its designation as a Class B road no later than 1965 on Kane

County's General Highway maps, which confirms that the road had been constructed and maintained for general public travel by two-wheel-drive passenger vehicles.

50.     At the relevant times herein, State law further provided that a public highway right-of-way is "dedicated and abandoned to the use of the public when it has been continuously used as a public thoroughfare for a period of ten years." Utah Code Ann. § 72-5-104 (prior law in accord).

51.     As shown herein, the R.S. 2477 public highway rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Road and the K1075 Cave Lakes Road were accepted by continuous use as public thoroughfares for a period exceeding ten years prior to October 21, 1976.

52.     Plaintiffs' vested public highway rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Road and the K1075 Cave Lakes Road continue as valid existing rights.

## THE CASE OR CONTROVERSY

53.     Kane County's authority to construct, improve, maintain, and regulate these roads on public land exists pursuant to R.S. 2477.

54.     Subsequent to the Tenth Circuit's 2014 decision setting aside the prior title decree for lack of a case or controversy, a case or controversy and dispute as to title has arisen over Plaintiffs' ownership of the R.S. 2477 rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road.

55.     To "satisfy the 'disputed title' element of the QTA, [Plaintiffs] must show that the United States has either expressly disputed title or taken action that implicitly disputes it." *Kane Cnty. (1)*, 772 F.3d at 1212. Plaintiffs "need not show the United States took direct action to close or deny access to a road—indirect action or assertions that actually conflict with a plaintiff's title will suffice." *Id.*

56.    The United States has now expressly and implicitly disputed Plaintiffs' title to the R.S. 2477 rights-of-way for the three roads at issue herein.

57.    In 2018, the United States' Rule 30(b)(6) witness in a similar action testified that Plaintiffs are not the holders (owners) of any R.S. 2477 rights-of-way unless and until established by "judicial adjudication or through an administrative determination." Deposition testimony of Kent Hoffman, November 16, 2018, *Kane County Utah (2) v. United States*, No. 2:10-cv-1073 (D. Utah), p. 91, excerpts of which are attached as Exhibit 5; *see also Kane Cnty.*, 2024 U.S. Dist. LEXIS 142312, *25-26.

58.    The BLM, however, no longer conducts administrative determinations and refuses to honor prior administrative determinations that affirmed the existence of R.S. 2477 rights-of-way. Essentially, the United States has made administrative determinations meaningless and nonbinding on anyone.

59.    "Existing rights have meaning and cannot be nullified merely because the federal government now wants full management control of its lands." *Kane Cty.*, 2024 U.S. Dist. LEXIS 142312, at *42. The United States "has placed roadblocks to Plaintiffs' rights where none should be." *Id*. at 47.

60.    "R.S. 2477 imposed no burden on the State and counties to prove to the United States their status as holders before the State and counties could exercise their rights." *Id*. at *43.

61.    The United States, on the other hand, denies that Plaintiffs are holders and denies that Plaintiffs own the R.S. 2477 rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road because they are unadjudicated.

62.    "Because the United States does not treat any road as being an R.S. 2477 right-of-way absent judicial adjudication, this is another action where the United States is setting forth

parameters governing Kane County's transportation system." *Id.* at *86. This is "an implicit dispute of Plaintiffs' title because such unilateral decision making is contrary to the rights of a holder. The United States is exerting control over the status of roads unless a court determines Plaintiffs own the right-of-way and title is quieted in Plaintiffs' favor." *Id.* at *86-87.

63.     Beyond the foregoing, the United States has taken several actions confirming that it disputes Plaintiffs' title to the roads at issue herein. After years of litigation, the United States entered into a one-sided Settlement Agreement with several environmental groups. *So. Utah Wilderness All. v. Bureau of Land Mgmt.*, 2022 WL 1597672. The Settlement Agreement requires the Bureau of Land Management ("BLM") to conduct new federal travel management planning, including for the roads at issue herein.

64.     Although the Settlement Agreement states it is "subject to valid existing rights," it also states that the BLM retains discretion "to open, close, modify, or add new routes," to its federal travel management plans. *Kane Cty.*, 2024 U.S. Dist. LEXIS 142312, at 86.

65.     The BLM, however, cannot close, modify or manage any R.S. 2477 road. "Since 1996, Congress has not lifted th[e] ban, nor authorized the DOI to issue final regulations pertaining to the recognition, management, or validity of R.S. 2477 claims." *Id.* at *28.

66.     "The United States has been unable to regulate R.S. 2477 roads through formal rulemaking . . ., but is now regulating them under these [travel] management plans in such a way that valid, existing R.S. 2477 rights are no longer under the [Plaintiffs'] control as holders of the R.S. 2477 rights-of-way." *Id.* at *85.

67.     The effect of the United States' policy is to divest Plaintiffs perpetually of any vested property right Plaintiffs may hold in the K1100 Hancock Road, the K1070 Cave Lakes Road and the K1075 Cave Lakes Road.

68.     The United States' failure to acknowledge Plaintiffs' vested property interests in their R.S. 2477 rights-of-way has forced Plaintiffs into a lawsuit to defend title to their roads, including the K1100 Hancock, the K1070 Cave Lakes Road and the K1075 Cave Lakes Road. And BLM's Settlement Agreement requires Plaintiffs to defend their interest, including in the K1100 Hancock, the K1070 Cave Lakes Road and the K1075 Cave Lakes Road, in yet another round of improper federal travel planning.

69.     A decree quieting title to Plaintiffs' R.S. 2477 rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes, and the K1075 Cave Lakes Roads will end the title dispute and controversy regarding these roads and will ensure that Plaintiffs do not have to defend their interests in the upcoming travel management planning.

70.     The disputed legal status of the rights-of-way for the roads at issue herein remains lurking over Plaintiffs' shoulders and must be resolved to define the parties' respective rights and interests.

71.     The United States has now expressly and implicitly disputed Plaintiffs' title to the R.S. 2477 rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road.

72.     The actions of the United States have clouded title to Plaintiffs' R.S. 2477 rights-of-way for the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road.

## FIRST CAUSE OF ACTION – QUIET TITLE
### K1100 HANCOCK ROAD

73.     Kane County incorporates herein and realleges each of the foregoing paragraphs.

### Description of the K1100 Hancock Road and its R.S. 2477 Right-of-Way

74.    The K1100 Hancock Road commences where it intersects the K1000 Sand Dunes Road in section 14, Township 43 South, Range 8 West, S.L.M., and proceeds in a northeasterly direction, approximately 9.5 miles, to where it ends upon intersecting with Utah State Highway 89 in section 19, Township 42 South, Range 6 West, S.L.M. *See* Attachments 1 and 3 of Exhibit 2.

75.    The specific right-of-way for the K1100 Hancock Road on public lands claimed herein is fully described in Exhibit 2, Appendix A to Attachment 4.

76.    The right-of-way for the K1100 Hancock Road includes a width of 66 feet (33 feet from the centerline descriptions provided herein) and that which is reasonable and necessary to ensure passage of vehicles on this high-speed two-lane road, clear zones to protect sight distances, and such other drainage and road features as are reasonable and necessary.

### Governmental Documentation Shows Acceptance of the K1100 Hancock Road R.S. 2477 Right-of-Way Prior to October 21, 1976

77.    Prior to October 21, 1976, Kane County, the State, and the public accepted the congressional grant of an R.S. 2477 public highway right-of-way for the K1100 Hancock Road on unreserved federal public lands.

78.    The United States maintains a Historical Index for each township in Utah. "Much like a county recorder's tract index records documented actions affecting private land, the BLM maintains a Historical Index for each township to document BLM actions affecting the public land." *Kane Cty. (1) v. United States*, No. 2:08-cv-00315, 2013 U.S. Dist. LEXIS 40118, at *13 (D. Utah Mar. 20, 2013).

79.    "R.S. 2477 rights-of-way are not documented in the Historical Indexes because R.S. 2477 rights-of-way vest without any entry, filing, application, or patent issued by the BLM.

The Historical Indexes are relevant nonetheless because they show if the lands traversed by the roads at issue in this case were reserved at the relevant time." *Id*. at *13-14. The Historical Indexes are relevant nonetheless because they show if the lands traversed by the roads at issue in this case were reserved at the relevant time." *Id*. at *13-14.

80.     The United States' Historical Index for Township 42 South, Range 6 West, S.L.M., shows that the public lands crossed by the K1100 Hancock Road were unreserved public lands at the relevant times prior to October 21, 1976. A copy of this Historical Index is attached as Exhibit 6.

81.     The United States' Historical Index for Township 42 South, Range 7 West, S.L.M., shows that the public lands crossed by the K1100 Hancock Road were unreserved public lands at the relevant times prior to October 21, 1976. A copy of this Historical Index is attached as Exhibit 7.

82.     The United States' Historical Index for Township 43 South, Range 7 West, S.L.M., shows that the public lands crossed by the K1100 Hancock Road were unreserved public lands at the relevant times prior to October 21, 1976. A copy of this Historical Index is attached as Exhibit 8.

83.     The United States' Historical Index for Township 43 South, Range 8 West, S.L.M., shows that the public lands crossed by the K1100 Hancock Road were unreserved public lands at the relevant times prior to October 21, 1976. A copy of this Historical Index is attached as Exhibit 9.

84.     The acceptance of the R.S. 2477 right-of-way for the K1100 Hancock Road is shown by Federal, State, and local governmental documents.

85.    The northeastern section of the K1100 Hancock Road has appeared on the USGS Kanab, Utah 15-minute topographic map since at least 1957, a copy of which is attached as Exhibit 10.

86.    Pre-1976 aerial photography confirms the historical existence of the K1100 Hancock Road as it was constructed on the land and as it substantially follows its historical course. More recent aerial photography continues to show this road as it has historically existed.

87.    The K1100 Hancock Road is a Class B road.

88.    Class B roads "are designated county roads located outside of cities or towns, and the county is required to construct and maintain Class B roads for passenger vehicle travel, using allocated transportation funds." *Kane Cnty. (1) v. United States*, No. 2:08-cv-00315, 2013 U.S. Dist. LEXIS 40118, at *12 (D. Utah Mar. 20, 2013) (citations omitted).

89.    "Because the State provides funding to counties to help maintain Class B roads, significant efforts are made by the State to inspect, inventory, record, and map Class B roads based on data obtained during field visits." *Kane Cnty.*, 2024 U.S. Dist. LEXIS 142312, at *17.

90.    In the 1960s and 1970s, at a minimum, State personnel drove the Class B roads "in a touring car" during the field visits with county officials to ensure the roads were being maintained to the proper standard. *Kane Cnty.*, 2024 U.S. Dist. LEXIS 142312, at *17-18. "If a Class B road fell into disrepair, the State reclassified 'it as a primitive road' on the map, and stopped funding unless the county resumed maintenance of the road." *Id*. at 18.

91.    "Class B roads are documented, county by county, on General Highway Maps. Kane County General Highway Maps were published for the years 1937, 1950, 1956, 1961, 1965, and 1975." *Kane Cty*., 2024 U.S. Dist. LEXIS 142312, at *16.

92. Kane County' 1950 General Highway Map shows part of the K1100 Hancock Road as a Class B road. A copy of Kane County's 1950 General Highway Map is attached as Exhibit 11. The K1100 Hancock Road is shown on page 4.

93. Kane County' 1965 General Highway Map shows the K1100 Hancock Road as a Class B road. A copy of Kane County's 1965 General Highway Map is attached as Exhibit 12. The K1100 Hancock Road is shown on page 4.

94. Kane County' 1975 General Highway Map shows the K1100 Hancock Road as a Class B road. A copy of Kane County's 1975 General Highway Map is attached as Exhibit 13. The K1100 Hancock Road is shown on page 4.

95. Kane County' 1984 General Highway Map shows the K1100 Hancock Road as a Class B road. A copy of Kane County's 1984 General Highway Map is attached as Exhibit 14. The K1100 Hancock Road is shown on page 4.

96. Kane County' 1993 General Highway Map shows the K1100 Hancock Road as a Class B road. A copy of Kane County's 1993 General Highway Map is attached as Exhibit 15. The K1100 Hancock Road is shown on page 4.

97. Plaintiffs' designation of the K1100 Hancock Road as a general highway beginning in 1950 confirmed that the road was accepted "as [a] county road[] . . . under the jurisdiction and control of the county commissioners" of Kane County. Utah Code Ann. § 27-12-22 (1963).

98. Plaintiffs accepted the K1100 Hancock Road as a county road and its R.S. 2477 right-of-way no later than 1950, and thereafter constructed, maintained and improved the K1100 Hancock Road using public funds.

99.     Personal witness testimony confirms that from at least the mid-1960s and prior to 1976, Kane County road personnel constructed, maintained, and improved the K1100 Hancock Road using public funds.

100.    From at least the 1960s and continuing past 1976, Kane County road crews conducted routine maintenance of this road generally twice a year and regularly repaired sections of the road that wore down or became damaged. In the 1990's, Kane County chip sealed the entire length of the K1100 Hancock Road.

101.    Upon information and belief, at various times prior to 1976 and thereafter, Utah Department of Transportation personnel inspected this road to ensure that its construction levels met the requirements of State law for continued appropriations to maintain this road as a county road (General Highways) conducive to regular travel by two-wheel drive vehicles.

102.    Kane County's designation of the K1100 Hancock Road as a Kane County road (General Highways) and expenditure of public funds on this road on or before 1965 constituted formal acceptance of the congressional grant of an R.S. 2477 right-of-way for this public highway pursuant to State law codified in Utah Code Ann. §27-12-22 (1963).

103.    The K1100 Hancock Road has long served as a public highway providing access across public lands, to other Kane County roads, and to private property.

104.    Witnesses with personal knowledge of the history of the K1100 Hancock Road confirm public use on a continuous basis for more than ten years prior to October 21, 1976, and dating back to the early 1960s consisting of general public travel for purposes of road maintenance, hunting, livestock operations, rock hounding, sightseeing, camping, and recreation continuing through 1976 and to the present. The road was also traveled by government employees.

105.     Witnesses with personal knowledge of the history of the K1100 Hancock Road confirm public use of the road on a continuous basis for more than ten years prior to October 21, 1976, by means of automobiles, jeeps, motor homes, maintenance vehicles, commercial trucks, pickup trucks, cattle trucks, Kane County road equipment, and graders.

106.     The currently and well-known reputation in the community is that the K1100 Hancock Road has been open for all to come and go as they pleased since at least the 1950s and continuing through the present.

107.     The K1100 Hancock Road was used on a continuous and nonexclusive basis as a public thoroughfare for decades prior to October 21, 1976.

108.     The K1100 Hancock Road traverses a valid and perfected R.S.2477 public highway right-of-way sufficient in scope for vehicle travel and includes that which is reasonable and necessary to meet the exigencies of increasing travel according to safe engineering practices that protect the public, the road, and prevent undue degradation of the adjacent land.

109.     Public motor vehicle use of the K1100 Hancock Road as a public thoroughfare traversing unreserved public lands on a continuous basis for a period in excess of ten years prior to October 21, 1976, confirms acceptance of the grant of an R.S. 2477 public highway right-of-way for the K1100 Hancock Road.

110.     Kane County is entitled to an order of this Court quieting title to its R.S. 2477 public highway right-of-way for the K1100 Hancock Road described herein.

## <u>SECOND CAUSE OF ACTION – QUIET TITLE</u><br><u>K1070 CAVE LAKES ROAD</u>

111.     Kane County incorporates herein and realleges each of the foregoing paragraphs.

**Description of the K1070 Cave Lakes Road R.S. 2477 Right-of-Way**

112.    The Cave Lakes Road at issue herein is designated as Kane County road number K1070. *See* Exhibit 3.

113.    The K1070 Cave Lakes Road commences at the NWNE of section 2, Township 43 South, Range 7 West, S.L.M., and proceeds in a northwesterly direction, to where it ends upon intersecting the K1100 Hancock Road in the SENE of section 34, Township 42 South, Range 7 West, S.L.M.

114.    The specific right-of-way for the K1070 Cave Lakes Road claimed herein is shown in red on the centerline map of the K1070 Cave Lakes Road (RD130016). *See* Exhibit 3. The NAD83 mapping grade GPS data used to plot the centerline and course of the K1070 Road is included in Exhibit 3.

115.    The right-of-way for the K1070 Cave Lakes Road claimed herein includes a width of up to 66 feet (33 feet from the centerline descriptions provided herein) as is reasonable and necessary to ensure passage of vehicles, clear zones to protect sight distances, and such other drainage and road features as are reasonable and necessary.

**Governmental Documentation Shows Acceptance of the K1070 Cave Lakes Road R.S. 2477 Right-of-Way Prior to October 21, 1976**

116.    Plaintiffs' K1070 Cave Lakes Road has long appeared on USGS maps. For example, the K1070 Cave Lakes Road has appeared on the USGS Kanab, Utah-Arizona 7.5-minute quadrangle map since at least 1985. A copy of the USGS Kanab, Utah-Ariz. 1985 map is attached as Exhibit 16.

117.    Pre-1976 aerial photography confirms the historical existence of the K1070 Cave Lakes Road as located on the land and following its historical course. More recent aerial photography continues to show the road as it has historically existed.

## Acceptance of the 1070 Cave Lakes Road R.S. 2477 Right-of-Way By Public Use Prior to 1976

118.    Prior to October 21, 1976, Plaintiffs and the public accepted the congressional grant of an R.S. 2477 public highway right-of-way for the K1070 Cave Lakes Road on unreserved public lands as set forth herein. This grant of a right-of-way includes access to the road.

119.    The United States' Historical Index for Township 42 South, Range 7 West, S.L.M., shows that the public lands crossed by the K1070 Cave Lakes Road were unreserved public lands at the relevant times prior to October 21, 1976. *See* Exhibit 7.

120.    The K1070 Cave Lakes Road has long served as a public highway providing access across public lands and to land conveyed into private ownership.

121.    Witnesses with personal knowledge of the history of the K1070 Cave Lakes Road confirm public use on a continuous basis for more than ten years prior to October 21, 1976, commencing at least in the 1950s, consisting of general public travel for purposes of livestock operations, wood gathering, cutting posts, hunting, sightseeing, rock hounding, and recreation continuing through 1976 and to the present.

122.    Witnesses with personal knowledge of the history of the K1070 Cave Lakes Road confirm public use of the road on a continuous basis for more than ten years prior to October 21, 1976 by means of horses, jeeps, four-wheel drive vehicles, and pickup trucks.

123.    The K1070 Cave Lake Road was used on a continuous and nonexclusive basis as a public thoroughfare for more than ten years prior to October 21, 1976.

124.    The K1070 Cave Lake Road crosses a valid and perfected R.S.2477 public highway right-of-way sufficient in scope for vehicle travel and including that which is reasonable and necessary to meet the exigencies of these types of travel according to safe

engineering practices that protect the public, the road, and prevent undue degradation of the adjacent land.

125.    Public motor vehicle use of the K1070 Cave Lakes Road as a public thoroughfare traversing unreserved public lands on a continuous basis for a period exceeding ten years prior to October 21, 1976, confirms acceptance of the grant of R.S. 2477 public highway rights-of-way for this road.

126.    Plaintiffs are entitled to an order of this Court quieting title to their R.S. 2477 public highway right-of-way for the K1070 Cave Lakes Road described herein.

### THIRD CAUSE OF ACTION – QUIET TITLE
### K1075 CAVE LAKES ROAD

127.    Kane County incorporates herein and realleges each of the foregoing paragraphs.

### Description of the K1075 Cave Lakes Road R.S. 2477 Right-of-Way

128.    The second Cave Lakes road at issue is designated as Kane County road number K1075. *See* Exhibit 4.

129.    The K1075 Cave Lakes Road commences at the NESE of section 35, Township 42 South, Range 7 West, S.L.M., and proceeds in a northwesterly direction, to where it ends upon intersecting the K1100 Hancock Road in the SENE of section 34, Township 42 South, Range 7 West, S.L.M. *Id*.

130.    The specific right-of-way for the K1075 Cave Lakes Road claimed herein is shown in red on the centerline map (RD130017). *See* Exhibit 4. The NAD83 mapping grade GPS data used to plot the centerline and course of the K1075 Cave Lakes Road is included in Exhibit 4.

131.    The right-of-way for the K1075 Cave Lakes Road claimed herein includes a width of up to 66 feet (33 feet from the centerline descriptions provided herein) as is reasonable and

necessary to ensure passage of vehicles, clear zones to protect sight distances, and such other drainage and road features as are reasonable and necessary.

**Governmental Documentation Shows Acceptance of the K1075 Cave Lakes Road R.S. 2477 Right-of-Way Prior to October 21, 1976**

132.    The K1075 Cave Lakes Road has appeared on the USGS Kanab, Utah-Arizona 7.5-minute quadrangle map since at least 1985. *See* Exhibit 16.

133.    Pre-1976 aerial photography confirms the historical existence of the K1075 Cave Lakes Road as located on the land and following its historical course. More recent aerial photography continues to show the road as it has historically existed.

**Acceptance of the K1075 Cave Lakes Road R.S. 2477 Right-of-Way By Public Use Prior to 1976**

134.    Prior to October 21, 1976, Plaintiffs and the public accepted the congressional grant of an R.S. 2477 public highway right-of-way for the K1075 Cave Lakes Road on unreserved public lands as set forth herein. This grant of a right-of-way includes access to the road.

135.    The United States' Historical Index for Township 42 South, Range 7 West, S.L.M., shows that the public lands crossed by the K1075 Cave Lakes Road were unreserved public lands at the relevant times prior to October 21, 1976. *See* Exhibit 7.

136.    The K1075 Cave Lakes Road has long served as a public highway providing access across public lands and to land conveyed into private ownership.

137.    Witnesses with personal knowledge of the history of the K1075 Cave Lakes Road confirm public use on a continuous basis for more than ten years prior to October 21, 1976, and dating back as early as the 1950s, consisting of general public travel for purposes hunting, livestock operations, accessing water and private land, cutting posts, fence building, wood gathering, sightseeing, and recreation continuing through 1976 and to the present.

138.    Witnesses with personal knowledge of the history of the K1075 Cave Lakes Road confirm public use of the road on a continuous basis for more than ten years prior to October 21, 1976, by means of horses, pickup trucks, jeeps, and cattle trucks.

139.    The K1075 Cave Lake Road was used on a continuous and nonexclusive basis as a public thoroughfare for more than ten years prior to October 21, 1976.

140.    The K1075 Cave Lake Road crosses a valid and perfected R.S.2477 public highway right-of-way sufficient in scope for vehicle travel and including that which is reasonable and necessary to meet the exigencies of these types of travel according to safe engineering practices that protect the public, the road, and prevent undue degradation of the adjacent land.

141.    Public motor vehicle use of the K1075 Cave Lakes Road as a public thoroughfare traversing unreserved public lands on a continuous basis for a period exceeding ten years prior to October 21, 1976, confirms acceptance of the grant of R.S. 2477 public highway rights-of-way for this road.

142.    Plaintiffs are entitled to an order of this Court quieting title to their R.S. 2477 public highway right-of-way for the K1075 Cave Lakes Road described herein.

### PRAYER FOR RELIEF

WHEREFORE, Kane County and the State request relief against the United States of America as follows:

143.    On the First Cause of Action – K1100 Hancock Road, an order quieting title in and to the R.S. 2477 public highway right-of-way for the K1100 Hancock Road as pleaded herein;

144.    On the Second Cause of Action – K1070 Cave Lakes Road, an order quieting title in and to the R.S. 2477 public highway right-of-way for the K1070 Cave Lakes Road as pleaded herein;

145.    On the Third Cause of Action – K1075 Cave Lakes Road, an order quieting title in and to the R.S. 2477 public highway right-of-way for the 1075 Cave Lakes Road as pleaded herein;

146.    An order awarding costs, fees and attorney's fees to the extent permitted by law; and

147.    An order granting such further and other relief as may be appropriate.

RESPECTFULLY SUBMITTED this 15th day of July, 2025.

> HOLLAND & HART LLP
>
> /s/ Shawn Welch
> Shawn T. Welch
> Sydney J. Sell
> Ryder Seamons
> *Attorneys for Plaintiff Kane County, Utah*
>
> UTAH ATTORNEY GENERAL'S OFFICE
>
> /s/ Kathy Davis*
> Kathy A.F. Davis
> K. Tess Davis
> Assistant Attorneys General
> *Attorneys for Plaintiff State of Utah*
>
> * Signed with permission given to filing counsel

**Plaintiffs' Addresses:**
Kane County, Utah
c/o Kane County Commission
76 North Main Street
Kanab, Utah 84741

State of Utah
c/o Utah Attorney General
1594 W North Temple, 3rd Floor
Salt Lake City, Utah 84116

## EXHIBIT INDEX

Exhibit 1 - State of Utah 2000 Notice of Intent to Sue with Attachment
Exhibit 2 – K1100 Hancock Road (and GPS data)
Exhibit 3 – K1070 Cave Lakes Road (and GPS data)
Exhibit 4 – K1075 Cave Lakes Road (and GPS data)
Exhibit 5 - Rule 30(b)(6) Deposition K. Hoffman Excerpts
Exhibit 6 - T42S R6W HI
Exhibit 7 - T42S R7W HI
Exhibit 8 - T43S R7W HI
Exhibit 9 - T44S R8W HI
Exhibit 10 – USGS Kanab, Utah – Arizona, 15 Min. Quad Map (1957)
Exhibit 11 - 1950 Kane County Class B General Highway Map
Exhibit 12 - 1965 Kane County Class B General Highway Map
Exhibit 13 - 1975 Kane County Class B General Highway Map
Exhibit 14 - 1984 Kane County Class B General Highway Map
Exhibit 15 - 1993 Kane County Class B General Highway Map
Exhibit 16 – USGS Kanab, Utah 7.5 Min. Quad Map (1985)