Stephen H.M. Bloch (#7813)
Hanna Larsen (#18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, UT 84111
Telephone: (801) 486-3161
steve@suwa.org
hanna@suwa.org

*Attorneys for Proposed Defendant-Intervenor Southern Utah Wilderness Alliance*

Mitch M. Longson (#15661)
MANNING CURTIS BRADSHAW & BEDNAR PLLC
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 363-5678
mlongson@mc2b.com

Trevor J. Lee (#16703)
HOGGAN LEE HUTCHINSON
257 E 200 S, #1050
Salt Lake City, UT 84111
Telephone: (435) 615-2264
trevor@hlh.law

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| **KANE COUNTY (6), UTAH**, a political subdivision, and the **STATE OF UTAH**,<br><br>　　Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br>　　Defendant, and<br><br>**SOUTHERN UTAH WILDERNESS ALLIANCE**,<br><br>　　Proposed Intervenor-Defendant. | **MOTION TO INTERVENE AS OF RIGHT AND MEMORANDUM IN SUPPORT**<br><br>Case No. 4:25-cv-00090-DN-PK<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Proposed Intervenor-Defendant Southern Utah Wilderness Alliance ("SUWA") respectfully submits this Motion to Intervene as of Right and Memorandum in Support.

# INTRODUCTION

In this Quiet Title Act ("QTA") lawsuit, Plaintiffs seek to adjudicate title in their favor to three rights-of-way including over the K1100 Hancock Road located in Kane County, Utah, pursuant to Revised Statute 2477 ("R.S. 2477").[1] This case is one of many currently pending in this District pertaining to Plaintiffs' claims under R.S. 2477 to thousands of other claimed rights-of-way. Since the outset of this suite of R.S. 2477 lawsuits brought by the State of Utah and its counties, SUWA has tried to meaningfully participate to defend its unique, legally protectable interests in the public lands at issue against the harms threatened by Plaintiffs' claims.

In 2019, the Tenth Circuit ruled that SUWA must be permitted to participate as an as-of-right intervenor in an earlier filed Kane County R.S. 2477 case , originally involving the same roads at issue in this matter (among others).[2] There, the Tenth Circuit reaffirmed its conclusion from over a decade ago that "it [is] 'indisputable that SUWA's environmental concern is a legally protectable interest" for purposes of intervention—an interest that may be impaired by a decision favorable to the Plaintiffs.[3] The *Kane (1) Intervention* ruling also made clear that SUWA and the United States' interests, at least as to the scope of the claimed roads, are not identical, and "the United States may not adequately represent [SUWA's] interests."[4] The Tenth Circuit concluded "SUWA has met all requirements to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure."[5]

---

[1] SUWA's interest in this case is specifically focused on the K100 Hancock Road.
[2] *Kane Cnty. v. United States* ("*Kane I Intervention*"), 928 F.3d 877 (10th Cir. 2019).
[3] *Id.* at 891–92 (quotation omitted).
[4] *Id.* at 892–97.
[5] *Id.* at 882.

2

Here, Plaintiffs have revisited their prior claims to the K1100 Hancock Road and two Cave Lakes Roads. Each of these roads were originally litigated as part of *Kane (1)*. However, in 2014, the Tenth Circuit reversed the district court's finding of jurisdiction over each of these roads under the QTA because there was no dispute of title.[6] Plaintiffs allege here that subject matter jurisdiction now exists, but in fact nothing has changed and there remains no dispute of title.[7]

Nevertheless, following discussions between the Plaintiffs and United States, on December 5, 2025, the parties filed a Joint Status Report which stated the Federal Defendants are "exploring whether Plaintiffs' claim to the Hancock Road…can be resolved via a federal disclaimer of interest under 28 U.S.C. § 2409a(e)."[8] Given the United States' apparent intent to disclaim its interest in the Hancock Road, as well as its stated intent to disclaim its interest in the adjacent Sand Dunes Road, which both border the Moquith Mountain Wilderness Study Area ("WSA") and other sensitive lands, SUWA's legally protectable environmental interests regarding the Hancock Road—including but not limited to its scope and permitted uses pursuant to R.S. 2477—are thus not adequately represented by any party in the litigation.

SUWA is entitled to intervene as of right because it has a legally protectable interest in the Hancock Road; its interest may be and is indeed likely to be impaired given the United States' intent to agree to vest title in Plaintiffs; and for the same reasons, the United States does

---

[6] *Kane Cnty. v. United States* ("*Kane (1)*"), 772 F.3d 1205, 1213 (10th Cir. 2014).
[7] Compl. ¶ 2.
[8] ECF No. 17 at 2. Counsel for the United States reiterated this point at the hearing held on January 16, 2026.

not adequately represent SUWA's interest in the litigation. SUWA therefore respectfully requests that this Court grant SUWA intervention as of right.

## ARGUMENT

I.  **SUWA IS ENTITLED TO INTERVENTION AS OF RIGHT.**

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, [a] court must permit anyone to intervene" (1) who has an interest that may be impaired by the litigation, and (2) whose interest "may not be adequately represented by existing parties."[9] With respect to the State and Kane County's R.S. 2477 litigation, the Tenth Circuit has concluded "SUWA possesses an interest that may be impaired by the litigation," and that "the United States may not adequately represent SUWA's interest."[10] That is, SUWA has met all the requirements to intervene as of right, and should therefore be granted intervention as of right without restriction and treated as a full participant in the litigation.[11] As explained below, that same analysis applies here.

    A.    **SUWA's Motion to Intervene is Timely.**

This Court must determine timeliness in light of all the circumstances, "including the length of time since the applicant knew of his interest in the case, prejudice to the parties, prejudice to the applicant, and the existence of any unusual circumstances."[12]

---

[9] Fed. R. Civ. P. 24(a)(2); *Kane I Intervention*, 928 F.3d at 891.

[10] *Kane I Intervention*, 928 F.3d at 891–97; *see also Kane Cnty., Utah v. United States* ("*Kane Intervention 2024*"), 94 F.4th 1017, 1031–34 (10th Cir. 2024) (reaffirming *Kane I Intervention* and holding that SUWA holds a legally protectible interest in the subject roads and those interests are not adequately represented by the United States).

[11] *See Barnes v. Harris*, 783 F.3d 1185, 1191 (10th Cir. 2015) (citing *Alvarado v. J.C. Penney Co.,* 997 F.2d 803-05 (10th Cir.1993); *Coal. of Ariz. v. Dep't of the Interior,* 100 F.3d 837, 844 (10th Cir. 1996) ("If a party has the right to intervene under Rule 24(a)(2), the intervenor becomes no less a party than others . . . .")).

[12] *Utah Ass'n of Cntys. v. Clinton* ("*UAC*"), 255 F.3d 1246, 1250 (10th Cir. 2001).

SUWA's motion is timely under Rule 24. Plaintiffs filed their Complaint on July 15, 2025. Federal Defendants were granted an unopposed motion for extension of time to respond to Plaintiffs' complaint[13] and then additional time lapsed because of the federal government shutdown.[14] As directed by the Court, the parties filed their Joint Status Report on December 5, 2025,[15] and a status conference was held on January 16, 2026. This motion to intervene followed ten days later. Because this litigation is at an early stage, SUWA's intervention will not prejudice any party.[16]

      **B.    SUWA's Interests May Be Impaired By This Litigation.**

To satisfy the impaired interest prong, SUWA need only have "an interest that could be adversely affected by the litigation."[17] Eighteen years ago, a majority of the Tenth Circuit sitting *en banc* concluded it was "indisputable that SUWA's environmental concern is a legally protectable interest."[18] In 2019, the Tenth Circuit in *Kane I Intervention* reaffirmed this holding in the face of a host of arguments from Plaintiffs attempting to distinguish between the various R.S. 2477 cases and their respective claimed routes.[19] The *Kane I Intervention* court explicitly rejected the State and County's proposed distinctions as mere differences in "degree," not in kind, and held that SUWA has a legally protectible interest.[20] The Tenth Circuit specifically

---

[13] ECF No. 12; ECF No. 13.
[14] General Order 25-002, *In the Matter of Lapse of Appropriations for the Department of Justice and Majority of Federal Agencies* (Oct. 2, 2025).
[15] ECF No. 17.
[16] *See UAC*, 255 F.3d at 1250-51.
[17] *Kane I Intervention*, 928 F.3d at 891 (citing *San Juan Cnty. v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc)).
[18] *San Juan Cnty.*, 503 F.3d at 1199.
[19] *Kane I Intervention*, 928 F.3d at 892.
[20] *Id.*

reaffirmed that SUWA need not "establish that it holds title to the roads at issue" because an interest "*relating to* the property or transaction" was sufficient.[21] The same is true here, where SUWA holds an interest relating to the Hancock Road, which borders on the Moquith Mountain WSA and the scope of which bears directly on SUWA's interest in protecting that WSA and its surrounding and nearby lands.[22]

In short, the Tenth Circuit has repeatedly foreclosed any doubt that "[g]iven SUWA's decades-long history of advocating for the protection of federal lands [in Kane County], . . . SUWA has an interest that may be impaired by the litigation."[23] Thus, the impaired interest prong's "minimal burden" is met.[24]

### C. The United States May Not Adequately Represent SUWA's Interests.

Having demonstrated an interest that may be impaired by this litigation, SUWA need only show that the United States might not adequately represent that interest in order to be entitled to intervention as of right.[25] This is a low bar, imposing the "minimal" burden of showing that "the representation '*may be*' inadequate."[26] Moreover, the Tenth Circuit has "'relaxed' intervention requirements in 'cases raising significant public interests' such as this one," and has called for a "liberal approach to intervention."[27]

In cases where the existing party is the government, one of two initial presumptions applies, depending on whether the interests of the government and the proposed intervenors are

---

[21] *Kane I Intervention*, 928 F.3d at 892 (citing *San Juan Cnty.*, 503 F.3d at 1199).
[22] *See* Bloxham Decl. ¶¶ 15-22 (attached as Ex. 1); Feingold Decl. ¶¶ 7-9 (attached as Ex. 2).
[23] *Kane I Intervention*, 928 F.3d at 892; *see also Kane Intervention 2024*, 94 F.4th at 1030.
[24] *Kane I Intervention*, 928 F.3d at 892.
[25] *Id.*
[26] *Id.* (emphasis added).
[27] *Id.* at 896–97 (citations omitted).

6

"identical."[28] If the parties' interests are identical, an initial presumption of adequate representation applies (subject to "evidence to the contrary").[29] But in the event the parties' interests are not identical, the presumption is reversed, and the showing of inadequacy "is easily made."[30]

In its *Kane I Intervention* opinion, the Tenth Circuit concluded that, as to the nuanced issue of scope of the alleged rights-of-way, SUWA's and the United States' interests were not identical, but even if they were, SUWA overcame any presumption of adequacy.[31] And though title of the rights-of-way were not at issue in *Kane I Intervention*, the court explained that while "SUWA and the United States [have] identical interests in the title determination," that results only in a presumption of adequate representation, which may be rebutted.[32] Here, for both title and scope, SUWA does not have interests identical to the United States and as such no presumption of adequate representation applies. But even if it did, SUWA has demonstrated

---

[28] *Id.*
[29] *San Juan Cnty.*, 503 F.3d at 1204–05; *Kane I Intervention,* 928 F.3d at 894 (acknowledging that while "SUWA and the United States have identical interests in [] title determination, they do not on scope."). As explained *infra*, SUWA and the United States do not have identical interests regarding title in this case given the United States' apparent intent to disclaim title to the Hancock Road.
[30] *See Kane I Intervention*, 928 F.3d at 892; *see also UAC*, 255 F.3d at 1254; *Nat'l Farm Lines v. I.C.C.*, 564 F.2d 381, 383 (10th Cir. 1977) ("We have here also the familiar situation in which the government agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible. The cases correctly hold that this kind of conflict satisfies the minimal burden of showing inadequacy of representation." (collecting cases)); *Kane Intervention 2024*, 94 F.4th at 1033 (noting requirement that interests must be truly identical for presumption to apply, not merely "harmonious").
[31] *Kane I Intervention*, 928 F.3d at 894.
[32] *Id.*

inadequate representation for both title and scope and rebutted any presumption that the United States can adequately represent its interests in this case.

### 1. The United States does not adequately represent SUWA's interests for title or scope of the Hancock Road.

In *Kane I Intervention*, the Court concluded "SUWA and the United States had identical interests in the title determination" as it pertained to the roads at issue in that case.[33] Here, however, SUWA's and the United States' interests regarding title diverge given the United States' stated preference to "resolve" this case by disclaiming any federal interest in the Hancock Road. Thus, not only are the two parties' interests not identical in this case, they are opposite— SUWA seeks to advocate for continued federal ownership and protection of the federal lands underlying and adjacent to the Hancock Road, while the United States seeks to disclaim any such interest or obligation. Indeed, the Tenth Circuit's rationale for finding inadequate representation in *Kane I Intervention* was, in part, that "the [Trump] administration may be more inclined to settle."[34] That theoretical concern has now been realized in President Trump's second term. The United States' apparent interest in resolving this particular claim in the name of efficient use of resources is an interest "SUWA certainly doesn't share."[35]

The same is true of any scope determination for the Hancock Road. In *Kane I Intervention*, the Tenth Circuit first concluded that SUWA and the United States do not have identical interests in the scope of the alleged rights-of-way and, thus, no presumption of adequate

---

[33] *Id.*; *see also Kane Intervention 2024*, 94 F.4th at 1035.

[34] *See Kane I Intervention*, 928 F.3d at 894 (recognizing that, in most cases, settlement negotiations alone are generally insufficient to warrant intervention as of right but concluding "the circumstances [in *Kane I Intervention*] suffice to satisfy the minimal burden to show inadequate representation.").

[35] *Id.* at 895; Bloxham Decl. ¶¶ 21-22; Feingold Decl. ¶¶ 9-10.

8

representation attached.[36] Second, the court found that SUWA had shown the United States may not adequately represent its interests, and therefore, the requirements to intervene as of right were met.[37]

*Kane I Intervention* reached its decision first by recognizing that SUWA's goal is to "limit as much as possible the number of vehicles on the road," as compared to the United States, whose "objective[s] involve a much broader range of interests, including competing policy, economic, political, legal and environmental factors."[38] The court concluded that "even if the United States is advocating 'as well as can be expected' for the narrowest scope of the roads, its conflicting interests render its representation inadequate."[39] Further, the court pointed to the United States' interest in the "efficient administration of its own litigation resources."[40] Finally, based on SUWA's evidence that the new administration was more willing to settle than previous administrations, the court concluded that even if there had been a presumption of adequate representation, SUWA had rebutted it.[41]

The same conclusions are warranted here.[42] Plaintiffs seek title to the road inclusive of "a width of 66 feet," and improvements necessary to "ensure passage of vehicles on this high-speed two lane road."[43] Such improvements include, according to Plaintiffs, "drainage and road features as are reasonable and necessary."[44] As explained above, because the Hancock Road

---

[36] *Kane I Intervention*, 928 F.3d at 894.
[37] *Id.*
[38] *Id.* (citation omitted).
[39] *Id*. at 895 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 537(1972)).
[40] *Id.*
[41] *Id*. at 895–96.
[42] *See, e.g.,* Compl. ¶ 76.
[43] *Id.*
[44] *Id.*

borders the Moquith Mountain WSA and provides access to other sensitive lands for which SUWA seeks protection, SUWA and its members have an interest in minimizing the alleged width and "reasonable and necessary" "improvements" Plaintiffs seek.[45] As in *Kane I Intervention*, however, the United States must account here for a broad "range of interests," including the efficient use of its litigation resources, which directly conflicts with SUWA's interests.[46] Moreover, the United States' broader range of interests is not merely theoretical in this case given its intent to disclaim any interest in the Hancock Road. Viewed against the United States' litigation position, SUWA's interests are not represented at all in this case, let alone "adequately." SUWA meets its "minimal" burden of demonstrating inadequate representation of interests.

## II.     SUWA HAS STANDING TO INTERVENE.

Article III standing requires a litigant to show: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury can likely be redressed by a favorable decision.[47] Like the intervention analysis above, the Tenth Circuit has held it is "indisputable" that SUWA's environmental concern regarding alleged R.S. 2477 roads constitutes a "legally protectable interest" for purposes of standing.[48] In this lawsuit, Plaintiffs seek title to the Hancock Road and to expand its width to 66 feet.[49] Plaintiffs also seek to make unspecified

---

[45] Bloxham Decl. ¶¶ 16, 20-22; Feingold Decl. ¶¶ 5-10.
[46] *Kane I Intervention*, 928 F.3d at 894–95.
[47] *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *see also Kane I Intervention*, 928 F.3d at 888 (citing *Laidlaw*, 528 U.S. at 180-81).
[48] *Kane I Intervention*, 928 F.3d at 888; Bloxham Decl. ¶¶ 7-8, 14, 21-22.
[49] Compl. ¶¶ 74–76.

"reasonable and necessary" improvements, such as drainage and other "road features" in order to "ensure passage of vehicles."[50] This claimed relief suffices to show imminent injury to SUWA's interests. As the Tenth Circuit held, the "widening and improvement of the roads in a scenic area would almost inevitably increase traffic, diminishing the enjoyment of the nearby natural wilderness."[51] Such injury is not speculative "even though contingent upon an unfavorable outcome in litigation,"[52] but particularly imminent in this case where the United States seeks to disclaim title, thereby acceding to Plaintiffs' request to grant them title to the Hancock Road.

The imminent injury to SUWA's interest is directly traceable to Plaintiffs' claims and to the United States' willing capitulation to those claims. If SUWA is granted intervention it intends to raise jurisdictional challenges to Plaintiffs' claims that, to date, the United States has been unwilling to raise. A favorable outcome on such a challenge will provide redress for SUWA's anticipated injury. Thus, "assuming SUWA [is] required to establish its own Article III standing, … it has done so."[53]

## CONCLUSION

The Tenth Circuit has been clear that "SUWA possesses an interest that may be impaired by th[is R.S. 2477] litigation."[54] Given the United States' "conflicting interests," including its interest in disclaiming title in the Hancock Road, it is clear that "[t]he United States may not

---

[50] *Id.* ¶ 76.
[51] *Kane I Intervention*, 928 F.3d at 888–89 ("A 24-foot road allows more traffic than a 10- or 12-foot road [regarding the North Swag and Swallow Park roads], and a 66-foot road allows more traffic than a 24- to 28-foot road [regarding the Skutumpah Road]. And the more traffic, the more of an impact on the natural wilderness."); Bloxham Decl. ¶¶ 21-22; Feingold Decl. ¶¶ 8-9.
[52] *Id.*
[53] *Id.*
[54] *Id.* at 891–92.

adequately represent SUWA's interest."[55] SUWA respectfully requests the Court grant it intervention of right in this case. Pursuant to Rule 24(c), SUWA's proposed Motion to Dismiss is attached as Exhibit 3.

DATED January 26, 2026.

/s/ *Hanna Larsen*
Stephen H.M. Bloch, #7813
Hanna Larsen, #18458
SOUTHERN UTAH WILDERNESS ALLIANCE

Mitch M. Longson, #15661
MANNING CURTIS BRADSHAW
& BEDNAR PLLC

Trevor J. Lee, #16703
HOGGAN LEE HUTCHINSON

*Attorneys for Proposed Intervenor-Defendants*
*Southern Utah Wilderness Alliance*

---

[55] *Id.* at 892–97.

## CERTIFICATE OF COMPLIANCE

In accordance with DUCivR 7-1(a)(4)(D)(i), I hereby certify that proposed Defendant-Intervenor Southern Utah Wilderness Alliance's Motion to Intervene and Memorandum in Support contains a total of 3,090 words.

/s/ *Hanna Larsen*
Hanna Larsen