ADAM R. F. GUSTAFSON, Principal Deputy Assistant Attorney General
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0207

Attorneys for Defendant United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH (6), a Utah political subdivision; and STATE OF UTAH,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Proposed Intervenor-Defendant. | **DEFENDANT UNITED STATES' RESPONSE TO SUWA'S MOTION TO INTERVENE**<br><br>Case No. 4:25-cv-00090-DN-PK<br><br>Judge David Nuffer<br>Magistrate Judge Paul Kohler |

    The Southern Utah Wilderness Alliance ("SUWA") has moved to intervene as of right, with respect to all aspects of this case, as it relates to one of the three claims at issue in this case (Hancock Road). *See* Dkt. No. 22. The parties have briefed this issue multiple times, in similar cases, including the companion case of *Kane County (5)*, No. 4:25-cv-0059-DN-PK (D. Utah Jan. 26, 2016) (Dkt. No. 45), *Kane County (2)*, No. 2:10-cv-01073-CW (D. Utah), *see, e.g., id.*, Dkt. No. 790, and *Kane County (2)*, No. 22-4087 (10th Cir.). The United States' position

remains the same -- that SUWA lacks the requisite interest relating to property to qualify for intervention as of right under Federal Rule of Civil Procedure 24(a)(2). *See, e.g.*, *Kane County (2)*, No. 22-4087, Answering Brief for the United States at 2 (10th Cir. filed Feb. 3, 2023). Nonetheless, the United States recognizes that decisions by the Tenth Circuit in *Kane County (1)* and *Kane County (2)* effectively constrain the district court here. Thus, while the United States preserves this issue for possible appeal, for present purposes the United States recognizes that given the Tenth Circuit's current rulings SUWA is presumptively entitled to intervene as of right as to scope for the Hancock Road. However, SUWA's motion to intervene should otherwise be denied.

SUWA was first granted intervention as of right in *Kane County (1)*. That case involved, among other claims, the same claim to the Hancock road now at issue in this case. *See, e.g., Kane County (1)*, 772 F.3d 1205, 1210 (10th Cir. 2014). However, the Tenth Circuit dismissed this claim (and others) for lack of jurisdiction. *See id*. at 1213. Later, in *Kane County (1)*, 928 F.3d 877 (10th Cir. 2019), in the context of three different roads which were remanded back to the district court for proper scope determinations, the Tenth Circuit held that SUWA was entitled to intervene as of right on that issue.

*Kane County (2)*, like the present case, addressed the same intervention issues and interests again raised by SUWA here, but for different alleged R.S. 2477 rights-of-way than the three claims addressed by the Tenth Circuit in *Kane County (1)*, 928 F.3d 877. *See Kane County (2)*, 94 F.4th 1017, 1021 (10th Cir. 2024). There, the Tenth Circuit recognized that its prior intervention decision in *Kane County (1)* was made in the context where "the one remaining issue was the scope of three of Kane County's R.S. 2477 rights-of-way." *Kane County (2)*, 94 F.4th at 1022. That context was important, as the Tenth Circuit only allowed intervention as of

right "on the issue of scope," and otherwise affirmed the denial of intervention as of right (including on the issue of title). *Id*. at 1035.

While these Tenth Circuit decisions did not create a per se right for SUWA to intervene in R.S. 2477 cases in Utah, under these decisions it appears that some "material differences" must be identified to either deny SUWA intervention as of right on the issue of scope, or to otherwise grant SUWA intervention as of right. *See id*. at 1029-31, 1034. Here, SUWA does not identify any material differences that could justify being allowed to intervene as of right on any issue beyond scope for the Hancock Road.[1]

Respectfully submitted this 9th day of February, 2026,

ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General

 */s/ Joseph H. Kim*
JOSEPH H. KIM, Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0207

*Attorneys for Defendant United States of America*

---

[1] SUWA does indicate some interest in relitigating the issue of title that was already litigated in *Kane County (1)*. However, SUWA only proposes to again seek to avoid a title determination on jurisdictional grounds. *See* Dkt. Nos. 22 at 12 and 22-3.