Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Kathy A.F. Davis (#4022)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
kathydavis@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION**

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**<br><br>Case No. 4:25-cv-00090 DN-PK<br><br>ORAL ARGUMENT REQUESTED<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Kane County, Utah (the "County") and the State of Utah (the "State") (collectively, "Plaintiffs") hereby file their Opposition to the Southern Utah Wilderness

Alliance's ("SUWA") Motion to Intervene As Of Right And Memorandum in Support (the "Motion") dated January 26, 2026.[1]

## RELIEF REQUESTED

SUWA's Motion should be denied for several reasons. First, the Tenth Circuit Court of Appeals has twice denied SUWA's attempts to intervene in a quiet title suit involving the Hancock Road.[2] Neither decision has been overturned, and these rulings bind this Court.

Second, SUWA lacks standing. SUWA's claimed injuries are entirely contingent upon speculative future actions; namely, the expansion or re-paving of the Hancock Road. But the County has no plans (nor the funds) to upgrade or improve the Hancock Road at present, and nothing about this road will change as a result of this lawsuit. Moreover, the Tenth Circuit has held that SUWA cannot sue to vindicate federal property interests.

Third, SUWA has failed to demonstrate a legal interest in this matter. SUWA seeks to intervene solely to express its opinion about how other federal lands are managed. That is irrelevant to the title question before the Court. Regardless, any interest SUWA may have will not be impaired because the Hancock Road will continue to exist in its current form regardless of the outcome of this case.

Fourth, SUWA has failed to show that the United States does not adequately represent any legal interest SUWA might have.

Ultimately, nothing in this lawsuit will change the Hancock Road as it exists today. Regardless of the outcome, the road will continue operating as it has been—motor vehicles will

---

[1] ECF 22.

[2] Although this lawsuit also concerns the K1070 and K1075 Cave Lakes Roads, SUWA's intervention motion is limited to the Hancock Road. This Opposition is correspondingly limited to the Hancock Road.

continue to travel the road so that the public (including SUWA's declarants) can access areas of Southern Utah; the County will continue to maintain and operate the Hancock Road; and the United States will continue to protect adjacent lands under applicable law and management plans. Accordingly, SUWA's Motion should be denied.

## BACKGROUND

### A. The Hancock Road.

The K1100 Hancock Road is a chip sealed, two-lane road running approximately 9.5 miles. It commences where it intersects the K1000 Sand Dunes Road, proceeds northeasterly, and terminates upon intersection with Utah State Highway 89. The precise course of the road is shown in Complaint, Exhibit 2. The Hancock Road and the surrounding land are shown on the map attached as Exhibit 1.[3] As shown on the map, the Hancock Road crosses entirely through federal lands managed by the Bureau of Land Management ("BLM"). The Moquith Mountain Wilderness Study Area ("WSA") is set back from the southeasterly side of the first three miles of the Hancock Road.[4]

### B. Hancock Road Litigation History.

In 2009, Kane County and the State sued the United States to quiet title to 15 roads, including the Hancock Road.[5] Kane County's and the State's lawsuits arise under the federal Quiet Title Act ("QTA").[6] The QTA allows lawsuits to quiet an *existing* title to real property "in

---

[3] Exhibit 1 is a true and correct copy of Exhibit 34 that was admitted at trial and was used by the court and parties to conduct a site visit of the various roads in a prior lawsuit.

[4] Declaration of Bert Harris, attached as Exhibit 2, at 3.

[5] *Kane County (1) v. United States*, Case No. 08-cv-00315 CW (D. Utah), ECF 65.

[6] 28 U.S.C. § 2409a.

3

which the United States claims an interest."[7] In the prior lawsuit, the United States moved to dismiss for lack of subject matter jurisdiction, which was denied from the bench, and the parties proceeded through discovery, depositions, and to a motion for partial summary judgment.[8]

In 2010, the United States conceded that "the evidence before the Court is sufficient to" show title to an "R.S. 2477 right-of-way for" the "Hancock [Road]."[9] On June 21, 2011, the court confirmed Kane County's and the State's "[t]itle to the Hancock Road . . . as an R.S. 2477 public highway right-of-way."[10]

In 2011, the lawsuit proceeded through nine days of trial, and the district court issued two decisions relating to the Hancock Road, *inter alia*, on March 20, 2013. First, the district court upheld its finding of subject matter jurisdiction.[11] Second, the district court issued its merits decision finding that Kane County and the State had proven title to a 66-foot right-of-way for the Hancock Road by clear and convincing evidence.[12] On the facts, the district court found that "Sand Dunes and Hancock are both paved roads with higher travel speeds."[13] Because Hancock Road is a "major two-lane thoroughfare[], the court concludes that a 66-foot right-of-way is appropriate . . . . This is a standard width for many highways."[14] With respect to WSAs, the district court confirmed that the BLM established a border setback "from 100 to 300 feet from

---

[7] *Id*. at § 2409a(a).

[8] ECF 120.

[9] ECF 134, at 65. (Citations will be to the ECF page number for existing filings).

[10] *Kane County, Utah v. United States*, Case No. 08-cv-0315 CW, 2011 WL 2489819, *26 (D. Utah June 21, 2011).

[11] *See generally Kane County, Utah v. United States*, 934 F. Supp. 2d 1344 (D. Utah 2013).

[12] *See Kane County, Utah v. United States*, Case No. 08-cv-0315 CW, 2013 WL 1180764, **9-10, 176-78 (D. Utah March 20, 2013).

[13] *Id*. *176.

[14] *Id*.

4

the edge of the road travel surface, depending upon the nature of the road and the adjacent terrain."[15]

The United States appealed parts of the district court's jurisdictional and merits decisions. Relevant here, the Tenth Circuit held that an ambiguity regarding the Hancock Road's status was insufficient to create a title dispute.[16] Accordingly, the Tenth Circuit held that the district court lacked subject matter jurisdiction over the Hancock Road under the QTA.[17] Since that time, conduct by the United States has given rise to a case or controversy and title dispute.

> C. **The Tenth Circuit Has Twice Denied SUWA's Motions To Intervene for the Hancock Road**.

In the earlier lawsuit, SUWA moved to intervene and made the same arguments and raised the same issues as in the instant Motion. The district court denied SUWA's motion to intervene because, *inter alia*, "it is evident that SUWA does not have a 'legal interest' in the usual understanding of that word in a title context."[18] SUWA acknowledged that if the parties were "to resolve all of the title issues as to the roads without SUWA's consent or participation, SUWA would have no right to continue with the action and the action would be dismissed."[19] Distinguishing the circumstances specific to, *inter alia*, the Hancock Road, which did not involve the environmental interest issues in a different road lawsuit,[20] the district court held that SUWA

---

[15] *Id*. at *170.

[16] *Kane Cty. v. United States*, 772 F.3d 1205, 1213 (10th Cir. 2014).

[17] *Id*.

[18] *See Kane County, Utah v. United States*, Case No. 08-cv-0315, 2009 WL 959804, *2 (D. Utah April 6, 2009)

[19] *Id*.

[20] *San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007) (en banc).

5

lacked an impaired interest for purposes of intervention and that the United States could adequately represent its title interest.[21]

The Tenth Circuit upheld the denial of SUWA's intervention for the Hancock Road. "[E]ven assuming SUWA has an interest in the quiet title proceedings at issue, SUWA has failed to establish that the United States may not adequately represent SUWA's interest."[22]

After trial, SUWA moved to intervene on appeal. SUWA argued that subsequent case developments proved that the United States did not adequately represent SUWA's interests. Specifically, SUWA argued that the "United States abandoned a key jurisdictional argument" and "it affirmatively conceded that it lacked title to a subset of those roads."[23] The appellate panel denied SUWA's motion.[24]

## ARGUMENT

### I.  Binding Tenth Circuit Decisions Hold That SUWA Cannot Intervene For The Hancock Road.

Courts in the Tenth Circuit "are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."[25] This precedent "includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law."[26]

---

[21] *Kane County*, 2009 WL 959804, **2-3.

[22] *Kane Cty. v. United States*, 597 F.3d 1129, 1133 (10th Cir. 2010).

[23] *Kane County, Utah, v. United States*, App. No. 13-4108, Motion to Intervene dated October 7, 2013, 3. A true and correct copy of this motion is attached as Exhibit 3.

[24] *Kane County, Utah, v. United States*, App. No. 13-4108, Order dated September 2, 2014, 2013, 3. A true and correct copy of this order is attached as Exhibit 4.

[25] *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (citations omitted).

[26] *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) (citations omitted).

The Tenth Circuit's decision denying SUWA's intervention remains in force. The Order is particularly significant here, as the Tenth Circuit denied SUWA's motion even after SUWA argued that the United States' concession of title to the Hancock Road proved inadequate representation. While SUWA's basis for arguing inadequate representation has changed, the Tenth Circuit's reasoning remains applicable. The proper procedure in this instance is to deny SUWA's intervention based on binding Tenth Circuit precedent.

## II. SUWA Lacks Standing To Intervene To Challenge Plaintiffs' Title.

### A. SUWA Lacks Article III Standing.

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing."[27] Standing requires a party to show (1) a concrete, particularized injury that is actual or imminent, (2) causation, and (3) redressability.[28] If "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." Most importantly, "standing is not dispensed in gross" and must be specifically proven.[29]

SUWA's proffered declarations fail to establish standing. Mr. Bloxham's declaration confirms that he, like many others, drives the Hancock Road to access various areas in southern Utah.[30] Mr. Bloxham claims that he will be injured if "the Hancock Road is paved, widened beyond its current disturbed width, and/or otherwise improved."[31] However, Mr. Bloxham's

---

[27] *Id.* at 423 (cleaned up).

[28] *Id.* (citation omitted).

[29] *Davis v. FEC*, 554 U.S. 724, 734 (2008) (citation omitted).

[30] ECF 22-1, pg. 6.

[31] *Id.* at 7.

injuries are entirely speculative, as there is no evidence before this Court that the County will re-pave or widen the Hancock Road. Indeed, the Kane County Road Department has no plans nor any funding to do so.[32] Moreover, Kane County has and will continue to operate within its right-of-way. This refutes Mr. Bloxham's speculation that the road might be expanded into a WSA and cause damage. In any event, the Moquith Mountain WSA border is 100 to 300 feet from the edge of the road and cannot be impacted by Kane County's operations within its right-of-way.

Mr. Feingold's declaration fares no better. He reports that his supposed injuries will be caused by "paving and improving the Hancock Road to accommodate large vehicle traffic,"[33] but again, there is no evidence to support his assumption that the County will widen or re-pave the Hancock Road. Additionally, Mr. Feingold incorrectly states that he travels the Hancock Road to access the Canaan Mountain WSA, the Parunuweap WSA, or the Rosy Canyon area. Those areas are located to the west of the Sand Dunes Road and would be accessed using other roads.[34] He is also incorrect in stating that he uses the Hancock Road to access Indian Canyon, Hell Dive Canyon, and Water Canyon. These areas are not adjacent to the Hancock Road; they are instead accessed by the Sand Spring Road.[35]

Regardless of the outcome of this QTA suit, SUWA can continue to lobby Congress and the BLM to manage the adjacent public lands as SUWA wants. Furthermore, SUWA may bring suit to address any unlawful future conduct by the BLM. However, SUWA has failed to identify any concrete and particularized injury relevant to *this* lawsuit, which further shows the lack of

---

[32] Ex. 2 at 8.

[33] ECF 22-3.

[34] *See* Ex. 1, which shows the Canaan Mountain WSA crosshatched near Stop 32, and the Parunuweap Canyon WSA crosshatched on the upper left border.

[35] Ex. 2. at 7.

causation. Even if SUWA could establish an injury in fact, that injury would not be redressable in this QTA action. Environmental concerns regarding federal land management are beyond the scope of this current lawsuit.

The Tenth Circuit has allowed SUWA to intervene in a lawsuit over other roads (as to scope, not title) and allowed piggyback standing.[36] Nevertheless, the Tenth Circuit noted that "the Supreme Court modified the 'piggyback standing' rule, holding that an intervenor as of right 'must meet the requirements of Article III if the intervenor wishes to pursue relief not requested' by an existing party."[37]

Here, the United States has indicated that it is "exploring whether Plaintiffs' claim to the Hancock Road . . . can be resolved via a federal disclaimer of interest under 28 U.S.C. § 2409a(e)."[38] SUWA, on the other hand, seeks to intervene to seek the different relief of dismissing this action by arguing there is no title dispute. This places SUWA's standing on even shakier ground, as SUWA is a stranger to title and lacks standing to challenge the title of others. "Members of the public, as such, do not have a 'title' in public roads."[39] "As the Supreme Court commented as far back as 1881, [i]t does not lie in the mouth of a stranger to the title to complain of the act of the government with respect to it."[40] Here, SUWA lacks standing to challenge Kane County's and the State's title.

---

[36] *Kane Cnty. v. United States*, 94 F.4th 1017, 1032 (10th Cir. 2024).

[37] *Id.* (quoting *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 435 (2017)).

[38] ECF 17 at 1.

[39] *Kinscherf v. United States*, 586 F.2d 159, 160 (10th Cir. 1978).

[40] *San Juan County*, 503 F.3d at 1216 (internal quotation marks and citation omitted).

B. **SUWA Lacks Prudential Standing**.

SUWA has merely taken a side in what is "a property dispute between [] landowners."[41] However, SUWA "lacks any independent property rights of its own."[42] The doctrine of third-party standing, which allows a party to assert the rights of another under limited circumstances, does not generally apply in property disputes. Here, the Tenth Circuit has confirmed that SUWA "lacks prudential standing" to vindicate the property rights of the federal government.[43]

III. **SUWA Fails To Meet The Requirements To Intervene As Of Right.**

A party seeking to intervene as of right must establish four factors: (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties.[44] Although the Tenth Circuit has historically taken a "liberal approach to intervention and thus favors the granting of motions to intervene,"[45] such approach does not eliminate the threshold requirements for intervention.

Whether a proposed intervenor has an interest is "a fact-specific inquiry."[46] In allowing SUWA to intervene regarding other roads, the Tenth Circuit found that SUWA's environmental interests were subject to "imminent injury" because Kane County and the State "seek to double the width" of certain roads.[47] Despite their inaccuracy, these facts formed the basis for granting

---

[41] *The Wilderness Society v. Kane County*, 632 F.3d 1162, 1171 (10th Cir. 2011) (en banc).

[42] *Id*.

[43] *Id*. at 1165.

[44] *Kane Cty.*, 928 F.3d at 889 (citation omitted).

[45] *Id*. at 890 (citation omitted).

[46] *Id*. at 903 (Tymkovich, J., dissenting).

[47] *Id*. at 888, 892 (stating that upon "plaintiffs' stated objective of widening these roads, we conclude that SUWA has an interest that may be impaired by the litigation").

intervention.[48] In a subsequent decision, the Tenth Circuit adopted its prior factual reasoning and allowed SUWA to intervene on other roads.[49]

Here, on the other hand, SUWA lacks an interest that may be harmed because the Hancock Road will continue existing in its current form regardless of the outcome of this lawsuit, especially as there are no plans to improve, widen, or re-pave the road. Any environmental interests SUWA may have are not subject to imminent injury.

Additionally, the United States adequately represents any interest that SUWA may have in this title suit. The government's exploration of a disclaimer under 28 U.S.C. § 2409a(e) is a permissible strategic decision that does not demonstrate inadequate representation. "[R]epresentation is not inadequate simply because the applicant and the representative disagree regarding the facts or law of the case."[50] "Nor is representation inadequate merely because the representative enters into a [settlement], because any case, even the most vigorously defended, may culminate in a [settlement]."[51] As shown above, SUWA already accused the United States of inadequate representation when it conceded title to the Hancock Road.[52] The Tenth Circuit still denied SUWA's intervention.[53]

---

[48] Judge Tymkovich dissented. *Id*. at 897-906. The Tenth Circuit then deadlocked 5 to 5 on en banc review and the Supreme Court ultimately denied certiorari. *Kane Cnty. v. United States*, 950 F.3d 1323 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1283 (2021).

[49] *See Kane Cnty.*, 94 F.4th 1017 (10th Cir. 2024). "The court should revisit the unworkable construct it has created." *Id*. at 1035 (Kelly, J., concurring). Once again, the Tenth Circuit deadlocked 5 to 5 on en banc review. *Kane Cnty. v. United States*, 113 F.4th 1290 (10th Cir. 2024).

[50] *Kane Cty.*, 928 F.3d at 892 (citation omitted).

[51] *Id*. (cleaned up; insertions in original).

[52] Ex. 3, pp. 5-6.

[53] Ex. 4.

## **CONCLUSION**

For the foregoing reasons, SUWA's Motion should be denied. Binding case law holds that SUWA cannot intervene for the Hancock Road. SUWA has further failed to prove that it has standing, and has failed to establish the required factors to justify intervention.

Dated this 9th day of February, 2026.

HOLLAND & HART LLP

*/s/ Sydney J. Sell*
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
Ryder Seamons
*Attorneys for Plaintiff Kane County, Utah*

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ Tess Davis\**
Kathy A.F. Davis
K. Tess Davis
Assistant Attorneys General
*Attorneys for Plaintiff State of Utah*

\* Signed with permission given to filing counsel

## CERTIFICATE OF COMPLIANCE

I, Sydney Sell, certify that Plaintiffs' Opposition to Motion to Intervene contains 2,986 words and complies with DUCivR 7-1(a)(4).

*/s/ Sydney Sell*