THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY (6), UTAH, a political subdivision, and the STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Proposed Intervenor-Defendant. | **ORDER FOR STATUS REPORT REGARDING POSSIBLE DISCLAIMER**<br><br>Case No. 4:25-cv-0090-DN-PK<br><br>District Judge David Nuffer |

This case is brought under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, to adjudicate a right-of-way over three roads in Kane County, Utah: the K1100 Hancock Road; the K1070 Cave Lakes Road; and the K1075 Cave Lakes Road.[1] Plaintiffs Kane County, Utah, and the State of Utah (collectively, "Kane County") seek to quiet title to a Revised Statute 2477 ("R.S. 2477")[2] right-of-way for the roads, which traverse federal public land managed by the Bureau of Land Management ("BLM").[3] The Southern Utah Wilderness Alliance ("SUWA"), a nonprofit conservation organization, seeks to intervene on both title and scope[5] for the Hancock Road.

---

[1] Motion to Intervene as of Right and Memorandum in Support ("Motion"), docket no. 22, filed January 26, 2026.

[2] Section 8 of the Mining Act of 1866 is commonly known as "Revised Statute (R.S.) 2477." Under the statute, a right of way may be established across land of the United States by use before October 21, 1976, if that use was sufficient under general state law to establish a right of way.

[3] Complaint ¶¶ 125–26, docket no. 1, filed July 15, 2025.

[5] Motion at 1, 7.

The United States previously represented that it is exploring whether it will make a disclaimer of the Hancock and Cave Lakes Roads under 28 U.S.C. § 2409a(e).[6]

The latest development in R.S. 2477 road disputes involving these parties comes out of *Kane County (5) v. United States, Case No 4:25-cv-0059.* The United States first indicated it was contemplating a disclaimer in December 2025.[8] Two weeks later, a partial disclaimer was filed.[9] And about three months later an Amended Partial Quiet Title Act was filed,[10] disclaiming enough that Kane County said "Plaintiffs intend to dismiss their QTA claim in light of the Amended Partial Disclaimer, notwithstanding any inconsistency between the Amended Partial Disclaimer and the alleged right of way as described in the Complaint."[11] The Partial Disclaimer was confirmed in April 2026.[12] That case was thereafter dismissed.[13]

Because a disclaimer would radically alter the status of this case, an update is required.

---

[6] Joint Status Report, docket no. 17, filed December 5, 2025.

[8] *Kane County (5) v. United States*, Case No 4:25-cv-0059, [United States] Status Report, docket no, 27, filed December 5, 2025.

[9] *Kane County (5) v. United States*, Case No 4:25-cv-0059, Partial Quiet Title Act Disclaimer, docket no. 29, filed December 19, 2025.

[10] *Kane County (5) v. United States*, Case No 4:25-cv-0059, Amended Partial Quiet Title Act Disclaimer, docket no. 51, filed March 13, 2026.

[11] Unopposed [sic] Motion to Confirm Amended Partial Quiet Title Act Disclaimer at 2, docket no. 56, filed March 23, 2026.

[12] Memorandum Decision and Order Granting Motion to Confirm Amended Partial Quiet Title Act Disclaimer, docket no. 72, filed April 17, 2026; Order Confirming Amended Partial Disclaimer, docket no. 73, filed April 17, 2026.

[13] Plaintiffs' Notice of Dismissal, docket no. 74, filed April 20, 2026.

**ORDER FOR STATUS REPORT RE DISCLAIMER**

IT IS HEREBY ORDERED that on or before April 27, 2026, the United States must file

a status report on possibility of disclaimer of the Hancock and Cave Lakes Roads.

Dated April 21, 2026.

BY THE COURT:

David Nuffer
United States District Judge