Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Jason L. DeForest (#14628)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
jdeforest@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

## IN THE UNITED STATES JUDICIAL DISTRICT COURT FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH (6), a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **PLAINTIFFS' RESPONSE TO ORDER HANCOCK AND CAVE LAKES ROADS**<br><br>Case No. 4:25-cv-0090 DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Kane County, Utah, and the State of Utah ("Plaintiffs") provide their response to the Court's June 5, 2026 Minute Order[1] requesting the parties to address the status of

---

[1] ECF 38.

1

Plaintiffs' 1) First Cause of Action – K1100 Hancock Road, 2) Second Cause of Action – K1070 Cave Lakes Road, and 3) Third Cause of Action – K1075 Cave Lakes Road.

      1.      <u>Plaintiffs Accept The United States' K1100 Hancock Road Disclaimer</u>.

The United States filed its Partial Quiet Title Act Disclaimer – K1100 Hancock Road on June 3, 2026.[2] Plaintiffs appreciate the disclaimer, find it acceptable, and do not intend to further litigate their First Cause of Action – K1100 Hancock Road. As discussed below, Plaintiffs anticipate filing a motion requesting the Court to enter an order confirming the disclaimer.

      2.      <u>Plaintiffs Support Granting Additional Time For The United States To Consider A Disclaimer For The K1070 Cave Lakes Road</u>.

Plaintiffs understand that the United States is still considering whether to issue a disclaimer relating to the Second Cause of Action - K1070 Cave Lakes Road, and will be requesting additional time to continue that process. Plaintiffs do not oppose another extension of time to facilitate that effort.

Plaintiffs anticipate the following contingent course of action. If the United States does not file an acceptable disclaimer for the K1070 Cave Lakes Road, then Plaintiffs will file a motion requesting the Court to confirm the K1100 Hancock Road disclaimer, after which the Court will no longer have jurisdiction over that cause of action.[3] The parties will then proceed to litigate the K1070 Cave Lakes and K1075 Cave Lakes Roads.

If the United States issues an acceptable disclaimer for the K1070 Cave Lakes Road, then Plaintiffs will promptly file a motion requesting the Court to confirm the disclaimers for the

---

[2] ECF 36.

[3] 28 U.S.C. § 2409a(e) (disclaimer must be confirmed by order of the court, after which the Court's jurisdiction will cease unless other jurisdiction exists).

2

K1100 Hancock and K1070 Cave Lakes Roads. If confirmed, Plaintiffs plan to file an amended complaint with one cause of action – the K1075 Cave Lakes Road.

      3.      <u>Plaintiffs' Claim To The K1075 Cave Lakes Road Stands On Different Footing</u>.

Plaintiffs' Third Cause of Action – K1075 Cave Lakes Road has a different background. Although Plaintiffs previously proved their title to the K1100 Hancock Road and K1070 Cave Lakes Road by clear and convincing evidence[4], the district court held that "the evidence does not show clearly and convincingly that the public continuously used the K1075 for ten years."[5] Accordingly, the district court quieted title to the K1075 Cave Lakes Road "in favor of the United States."[6]

Plaintiffs appealed the loss of the K1075 Cave Lakes Road to the Tenth Circuit Court of Appeals upon the good faith belief that the evidence adduced at trial was sufficient by a preponderance of the evidence. The Tenth Circuit later dismissed for lack of subject matter jurisdiction and did "not reach the issue of the appropriate standard of proof."[7] The issue remains unresolved in the Tenth Circuit. Given this unsettled law, Plaintiffs have not sought a disclaimer for the K1075 Cave Lakes Road.

If the K1075 Cave Lakes Road is the only road left at issue, then Plaintiffs intend to file an amended complaint with this road as the sole cause of action. Thereafter, Plaintiffs would

---

[4] *See Kane County, Utah v. United States*, Case No. 08-cv-0315 CW, 2013 WL 1180764, *66 (D. Utah March 20, 2013), *rev'd on other grounds*, 772 F.3d 1205 (10th Cir. 2014). The district court's discussion regarding the proper burden of proof—preponderance or clear and convincing—can be found at **43-45.

[5] *Id*. at *55.

[6] *Id*. As reported, the district court further held that Plaintiffs had failed to prove their title to two other roads, the K1087 Cave Lakes and K1088 Cave Lakes Roads. *Id*. The quantum of evidence adduced at trial for those two roads was markedly less and Plaintiffs did not appeal their loss.

[7] *Kane Cty. v. United States*, 772 F.3d 1205, 1223 (10th Cir. 2014).

request a stay of this proceeding or seek consolidation with the bellwether proceedings involving the other roads in Kane County, Utah.[8]

Dated this 19th day of June, 2026.

HOLLAND & HART LLP

*/s/ Shawn T. Welch*
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
Ryder Seamons
Attorneys for Plaintiff Kane County, Utah

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ K. Tess Davis*\*
Jason L. DeForest
K. Tess Davis
Assistant Attorneys General
Attorneys for Plaintiff State of Utah

\* Signed with permission given to filing counsel

---

[8] *See generally Kane County, Utah (2) v. United States*, Case No. 10-cv-01073 CW (D. Utah) (consolidated).