THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONFIRM AMENDED PARTIAL QUIET TITLE ACT DISCLAIMERS**<br><br>Case No. 4:25-cv-00090 DN-PK<br><br>District Judge David Nuffer |

In their Complaint, Plaintiffs Kane County and the State of Utah (collectively "Kane County") seek a decree under the Quiet Title Act[1] ("QTA") quieting title to the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road.[2] Kane County alleges that title to the K1100 Hancock Road and K1070 Cave Lakes Road were established in previous litigation.[3] In the previous litigation, Kane County was not successful in providing sufficient "evidence in support" of a right-of-way to the K1075 Cave Lakes Road.[4]

Kane County's Complaint defines the K1100 Hancock Road:

The right-of-way for the K1100 Hancock Road includes a width of 66 feet (33 feet from the centerline descriptions provided herein) and that which is reasonable and necessary to ensure passage of vehicles on this high-speed two-lane road, clear zones to protect sight distances, and such other drainage and road features as are reasonable and necessary.[5]

---

[1] 28 U.S.C. § 2409a.

[2] Complaint, docket no. 1, filed July 15, 2025.

[3] *Id*. at 3, ¶¶ 10–11 (*citing Kane County, Utah (1) v. United States*, No. 2:08-cv-0315 CW, 2013 WL 1180764, *54,63-65 (D. Utah Mar. 20, 2013)).

[4] Complaint at 3, ¶ 12.

[5] *Id*. at 14, ¶ 76.

And it defines the K1070 Cave Lakes Road:

> The right-of-way for the K1070 Cave Lakes Road claimed herein includes a width of up to 66 feet (33 feet from the centerline descriptions provided herein) as is reasonable and necessary to ensure passage of vehicles, clear zones to protect sight distances, and such other drainage and road features as are reasonable and necessary.[6]

The United States did not file an answer but filed separate Partial Quiet Title Act Disclaimers ("Partial Disclaimers") for both the K1100 Hancock and K1070 Cave Lakes Roads under 28 U.S.C. § 2409a(e).[7] The Partial Disclaimers are similar to the descriptions of the rights of way sought in the Complaint but, among other variations, do not include a uniform 66 foot width. Specifically, the K1100 Hancock Road is disclaimed for an 18-foot width, and the K1070 Cave Lakes Road is disclaimed for a 60-foot width.[8]

Kane County has now filed an Unopposed Motion for Order to Confirm Partial Quiet Title Act Disclaimers ("Motion").[9] The Motion makes clear that any discrepancy between (a) the relief sought in the Complaint and (b) the description of the rights of way in the Partial Disclaimers will be resolved by Plaintiffs' removal of the claims "pertaining to the K1100 Hancock Road and the K1070 Cave Lakes Road . . . ."[10] "Plaintiffs will file an amended complaint limited solely to the K1075 Cave Lakes Road claim . . . with claims pertaining to the K1100 Hancock Road and the K1070 Cave Lakes Road resolved and removed from these

---

[6] *Id.* at 20, ¶ 115.

[7] Partial Quiet Title Act Disclaimer ("Hancock Road Partial Disclaimer") 1, docket no. 36, filed June 3, 2026 (*citing* 28 U.S.C. § 2409a(e)); Partial Quiet Title Act Disclaimer ("K1070 Partial Disclaimer"), 1, docket no. 42 , filed June 3, 2026 (*citing* 28 U.S.C. § 2409a(e)) (collectively referred to as the "Partial Disclaimers").

[8] Hancock Road Partial Disclaimer at 1; K1070 Partial Disclaimer at 1.

[9] Unopposed Motion for Order to Confirm Amended Partial Quiet Title Act Disclaimers ("Motion"), docket no. 43, filed July 28, 2026.

[10] Motion at 2.

proceedings."[11] In addition, the Motion states that the Plaintiffs are "authorized to represent to the Court that the United States does not oppose this motion."[12]

The Partial Disclaimers radically change the posture of the lawsuit. Though each Amended Partial Disclaimer does not precisely match the respective claim in the Complaint, the Motion says further litigation is unnecessary because Kane County will, upon confirmation of the Partial Disclaimers, amend its complaint with claims pertaining to the K1100 Hancock Road and the K1070 Cave Lakes Road resolved and removed and only stating its claim for the K1075 roads.[13]

## 1   DISCUSSION

### A disclaimer that is inconsistent with the complaint in a §2409a quiet title action results in loss of jurisdiction when a plaintiff dismisses the inconsistent claims.

"Congress has provided a formal mechanism whereby the United States during the course of QTA litigation, but 'prior to the actual commencement of the trial,' may 'disclaim[ ] all interest in the real property or interest therein adverse to the plaintiff' and secure an order from the court confirming the disclaimer."[14] The text of 28 U.S.C.A. § 2409a(e) states:

> If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.[15]

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1185 (10th Cir. 2010).

[15] 28 U.S.C. § 2409a(e).

"If the United States follows this path, 'the jurisdiction of the district court shall cease' under the QTA."[16]

While the Partial Disclaimers may be inconsistent with the relief sought in the Complaint, the United States and Kane County say they are in full agreement.[17] The agreement will be consummated when (a) the Partial Disclaimers are confirmed and (b) Kane County amends its complaint claims as to the K1100 Hancock Road and the K1070 Cave Lakes Road. Therefore, the Partial Disclaimers will be CONFIRMED; and Kane County is ordered to amend its Complaint within twenty-eight (28) days from the date of this order. All pending motions are moot.

## 2   ORDER

IT IS HEREBY ORDERED that Plaintiffs' Unopposed Motion for Order to Confirm Amended Partial Quiet Title Act Disclaimers is GRANTED.[18]

---

[16] *Rio Grande*, 599 F.3d at 1185–86.

[17] Motion at 2; *see also* Partial Disclaimers.

[18] Unopposed Motion to Confirm Amended Partial Quiet Title Act Disclaimer, docket no. 43, filed July 28, 2026.

4

IT IS FURTHER ORDERED that:

1.      The Partial Disclaimers[19] will be CONFIRMED in a separate order.

2.      Kane County must file an amended complaint removing claims pertaining to the K1100 Hancock Road and the K1070 Cave Lakes Road within twenty-eight (28) days from the date of this order.

Signed August 14, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[19] Partial Quiet Title Act Disclaimer, 1, docket no. 36, filed June 3, 2026 (*citing* 28 U.S.C. § 2409a(e)); Partial Quiet Title Act Disclaimer, 1, docket no. 42 , filed June 3, 2026 (*citing* 28 U.S.C. § 2409a(e)).