# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KANE COUNTY, UTAH (2), a Utah political subdivision, and STATE OF UTAH, | 30(b)(6) Deposition of: |
| | UNITED STATES OF AMERICA |
| Plaintiffs, | By: Kent Hoffman |
| vs. | Case No. 2:10-cv-01073 |
| UNITED STATES OF AMERICA, | |
| Defendant. | Hon. Clark Waddoups |
| SOUTHERN UTAH WILDERNESS ALLIANCE, et al., | |
| Permissive Intervenor-Defendants. | |

November 16, 2018 * 9:05 a.m.

Location: Holland & Hart
222 South Main Street, Suite 2200
Salt Lake City, Utah

Reporter: Susette M. Snider, CSR, CRR, RPR

A P P E A R A N C E S

FOR PLAINTIFF KANE COUNTY, UTAH:

HOLLAND & HART LLP
Shawn T. Welch
Attorneys at Law
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Tel: 801.799.5800
Fax: 801.799.5700
stwelch@hollandhart.com

FOR PLAINTIFF THE STATE OF UTAH:

OFFICE OF THE UTAH ATTORNEY GENERAL
Anthony L. Rampton
Assistant Attorney General
5110 State Office Building
Salt Lake City, Utah 84114-1107
Tel: 801.538.9687
Fax: 801.243.8304
arampton@agutah.com

FOR THE DEFENDANT:

U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
Joseph Kim
Attorney at Law
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel: 202.305.3895
joseph.kim@usdoj.gov
tanya.nesbitt@usdoj.gov

OFFICE OF THE UNITED STATES ATTORNEY
John K. Mangum, II
Assistant United States Attorney
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Tel: 801.325.3216
Fax: 801.524.6924
john.mangum@usdoj.gov

U.S. DEPARTMENT OF THE INTERIOR
Office of the Solicitor
Cameron B. Johnson
Attorney at Law
125 South State Street, Suite 6201
Salt Lake City, Utah 84138
Tel: 801.524.5677
cameron.johnson@sol.doi.gov

BUREAU OF LAND MANAGEMENT
Utah State Office
Melinda Moffitt
Attorney at Law
440 W 200 S, Suite 500
Salt Lake City, Utah 84101
Tel: 801.539.4001

FOR THE SOUTHERN UTAH WILDERNESS ALLIANCE AND PERMISSIVE INTERVENOR DEFENDANTS:

MANNING CURTIS BRADSHAW & BEDNAR, PLLS
Jess M. Krannich
Attorney at Law
136 East South Temple, Suite 1300
Salt Lake City, Utah 84111
Tel: 801.363.5678
Fax: 801.364.5678
jkrannich@mc2b.son

INDEX


KENT HOFFMAN: PAGE

Examination by Mr. Welch........................ 6
Examination by Mr. Krannich.................... 100
Examination by Mr. Johnson..................... 101
Examination by Mr. Krannich (resumed).......... 102


EXHIBITS


| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Amended Notice of Deposition and Request for Rule 30(b)(6) Designation | 10 |
| 2 | Excerpt of a statute, including Section 108, KANE013375 | 13 |
| 3 | Notes prepared for deposition preparation | 16 |
| 4 | Defendant's Responses and Objections to Plaintiff Kane County's Jurisdictional Discovery Requests | 17 |
| 5 | Defendant's Responses and Objections to Plaintiffs' Third Set of Jurisdictional Discovery Requests | 18 |
| 6 | April 9, 1970 memorandum from state director to Cedar City and Kanab District Directors, JDISC0004006 | 19 |
| 7 | Memorandum of Understanding between the BLM and Kane County Commission, JDISC0004008 | 20 |
| 8 | November 2002 Idaho Bureau of Land Management Road Management and Maintenance Guidelines for Public Lands in Idaho, KANE015059-15101 | 62 |

E X H I B I T S (Continued)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| 9 | Declaration of James Karkut in Support of Motion for Partial Dismissal, KANE014183-14186 | 70 |
| 10 | Defendant United States' Response to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents | 72 |
| 11 | 9/30/81 Instruction Memorandum from the State Director to District Managers, KANE015102-01505 | 76 |
| 12 | August 8, 2008 memorandum from the director to all Washington office and field office officials, JDISC0255108-255109 | 93 |
| 13 | August 8, 2008 memorandum from the director to all Washington office and field office officials, JDISC0002472-2478 | 93 |

P R O C E E D I N G S

KENT HOFFMAN,
having been first duly sworn,
was examined and testified as follows:

EXAMINATION

BY MR. WELCH:

Q. Hello, Mr. Hoffman. We've met. It's been a very long time.

A. Yes.

Q. I've been doing things like this too long. But my name is Shawn Welch. I represent Kane County, Utah. We have other attorneys here today who represent various parties who you'll have a chance to talk to a little bit.

Mr. Hoffman, have you had your deposition taken before?

A. Many years ago.

Q. And was it a personal matter or --

A. It was personal.

Q. Okay. So the one thing to remember if you've had your deposition taken is I'll ask a question. Let me finish the question even if you know the answer in advance, and then give your answer

a chance to look at the exhibit marked as Exhibit 1?
A. Yes.
Q. Have you seen this document before?
A. Yes.
Q. And what do you understand it to be?
A. Essentially it's a set of questions that I am to address today.
Q. Okay. And they list by topics matters that are for you to answer today. Is that your understanding?
A. Yes.
Q. Okay. And you understand that you're here on behalf of the United States speaking as the United States in this matter?
A. Yes. Representing our agency, yes.
Q. Representing the BLM or the United States?
MR. JOHNSON: He's here to answer on behalf of the Bureau of Land Management.
Q. (By Mr. Welch) Okay. And I guess, to clarify, you're not here to answer on behalf of the park service; is that correct?
A. Correct, not --
Q. Okay. So for the lands under the jurisdiction and management of the Bureau of Land Management, you're here for the United States to

Q. And you can't answer that question right now?

MR. JOHNSON: Again, objection. Mischaracterizes the topic.

MR. WELCH: Let the witness answer.

Q. (By Mr. Welch) Can you answer that question now for any of the roads as to the width of any right-of-way?

MR. KRANNICH: I'm going to pose the same objections as before.

THE WITNESS: No, because it's undetermined at this point.

Q. (By Mr. Welch) Okay. All right. That's what I was getting to. Thank you.

A. But may I add that it's the holder's burden and requirement to establish the scope and the width that's reasonable and necessary.

Q. Okay. So who's the holder of the right-of-way for any of the 15 roads, the bellwether roads?

A. The holder is none at this time.

Q. Okay. So Kane County's not the holder, then. That's what you're saying?

A. It would require to be either adjudicated or an administrative determination to identify a

holder.

Q. Okay. And until that point, Kane County does not -- is not the holder, correct?

A. Right.

Q. Okay. Turn to Topic 7. Mr. Hoffman, that topic asks you to answer the question of the identity by employment, category or office of those authorized to take a position adverse to the state of Utah's or Kane County's title.

Do you see that?

A. Yes.

Q. How would you answer that question? Who is authorized in the United States to take a position adverse to Kane County and the State of Utah's title?

A. The delegation of authority comes initially from the secretary of the interior down through the state director through the line managers, the district manager and the field manager. They have the delegated authority.

Q. So -- so run that by me again. It's delegated authority from who?

A. From the secretary of interior.

Q. Okay. So right now that's Secretary Zinke; then other secretaries in the past.

A. Yes.

Q. Okay. And the K9000, Hole-in-the-Rock road, same question.

A. I'm not aware of a closure on that.

Q. Are you aware of any fact or circumstance that would have commenced the running of a statute of limitations on the Hole-in-the-Rock Road?

A. No.

MR. WELCH: Okay. Let's go off the record.

(Recess from 11:14 a.m. to 11:29 a.m.)

MR. WELCH: All right. We'll go back on.

Q. (By Mr. Welch) Mr. Hoffman, just a few more questions.

So Topic No. 9, if you'd just look at that for a minute. And that deals with the United States policy or position regarding what is required for Kane County to be a holder or the owner of a right-of-way for any of the bellwether roads. What's your answer to that question? What's required for the county to become a holder?

A. To be a holder requires -- there's two ways to become a holder --

Q. Okay.

A. -- through a judicial adjudication or through an administrative determination.

Q. And until one of those two events happens, what is Kane County vis-à-vis the bellwether roads?

MR. JOHNSON: Objection. Calls for a legal conclusion.

THE WITNESS: You are a partner in maintaining those roads.

Q. (By Mr. Welch) Partner? I think we went through, and it's pretty much for the maintained roads, Kane County maintaining those roads. Again, we discussed the 1990s event with the force account crew --

A. But from time to time we have maintained them as well, the BLM has.

Q. I understand.

And there was the road maintenance agreements where there was the cooperative maintenance of roads.

A. Right.

Q. But how long has the United States had that position that you need to have a determination or an adjudication, we'll call it, a quiet title decree, to be a holder of a 2477 right-of-way?

A. Certainly the Tenth Circuit Court in --

Q. In '05?

A. -- in '05 identified that.