Shawn T. Welch (#7113)
Richard D. Flint (#7525)
Sydney J. Sell (#17313)
B. Ryder Seamons (#19681)
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
stwelch@hollandhart.com
rdflint@hollandhart.com
sjsell@hollandhart.com
brseamons@hollandhart.com

Jeffrey Stott (#14344)
Kane County Attorney
76 N. Main Street
Kanab, Utah 84741
Telephone: (435) 644-5278
jstott@kane.utah.gov

*Attorneys for Plaintiff Kane County, Utah*

Jason L. DeForest (#14628)
K. Tess Davis (#15831)
ASSISTANT ATTORNEYS GENERAL
Derek Brown (#10476)
UTAH ATTORNEY GENERAL
1594 W. North Temple, 3rd Floor
Salt Lake City, Utah 84116
Telephone: (801) 537-9801
jdeforest@agutah.gov
kaitlindavis@agutah.gov

*Attorneys for Plaintiff State of Utah*

---

**IN THE UNITED STATES JUDICIAL DISTRICT COURT FOR THE DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION**

| | |
|---|---|
| KANE COUNTY, UTAH (6), a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **UNOPPOSED MOTION TO STAY OR CONSOLIDATE**<br><br>Case No. 4:25-cv-0090 DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiffs Kane County, Utah, and the State of Utah ("Plaintiffs") hereby submit this Unopposed Motion to Stay or Consolidate this lawsuit, which now concerns solely the K1075 Cave Lakes Road.[1]

**RELIEF REQUESTED AND GROUNDS FOR RELIEF**

Plaintiffs request either a stay of this proceeding or consolidation with the ongoing bellwether proceedings involving the other roads in Kane County, Utah.[2] While either option is within this Court's sound discretion and would promote judicial economy, Plaintiffs' preference is a stay.

## I. Background

The K1075 Cave Lakes Road, along with other roads, was originally the subject of the lawsuit styled as *Kane County, Utah (1) v. United States*, No. 2:08-cv-00315 CW (D. Utah). After years of litigation and a full trial on the merits, the district court quieted title to the K1075 Cave Lakes Road "in favor of the United States," holding that "the evidence does not show clearly and convincingly that the public continuously used the K1075 for ten years."[3] Plaintiffs appealed the loss of the K1075 Cave Lakes Road to the Tenth Circuit Court of Appeals upon the good faith belief that the evidence adduced at trial was sufficient by a preponderance of the evidence. The Tenth Circuit later dismissed for lack of subject matter jurisdiction and did "not reach the issue of the appropriate standard of proof."[4] As it stands, the standard of proof remains unresolved in the Tenth Circuit.

---

[1] Defendant United States of America ("United States") does not oppose this motion and consents to a stay or consolidation.

[2] *Kane Cty. v. United States,* Case No. 2:10-cv-01073 (D. Utah).

[3] *Kane County, Utah v. United* States, Case No. 08-cv-0315 CW, 2013 WL 1180764, *55 (D. Utah March 20, 2013).

[4] *Kane Cty. v. United States*, 772 F.3d 1205, 1223 (10th Cir. 2014).

Plaintiffs filed this more recent lawsuit seeking to quiet title to three roads: the K1100 Hancock Road, the K1070 Cave Lakes Road, and the K1075 Cave Lakes Road. This second lawsuit addresses the subject matter jurisdiction defect that led to dismissal in the Tenth Circuit because the existence of a clear dispute as to title arose after that dismissal.

On June 3, 2026, the United States filed a Partial Quiet Title Act Disclaimer of the K1100 Hancock Road. *See* ECF 36. On July 23, 2026, the United States filed a Partial Quiet Title Act Disclaimer of the K1070 Cave Lakes Road. *See* ECF 42. On July 28, 2026, Plaintiffs filed an Unopposed Motion for Order to Confirm Partial Quiet Title Act Disclaimers (the "Disclaimers Motion"). *See* ECF 43.

Given the unsettled law pertaining to the applicable burden of proof, Plaintiffs did not seek a disclaimer for the K1075 Cave Lakes Road like they did for the K1100 Hancock Road and K1070 Cave Lakes Road.

In the Disclaimers Motion, Plaintiffs indicated their intent to, upon an order confirming the partial quiet title for the two roads by the Court, "file an amended complaint limited solely to the K1075 Cave Lakes Road claim . . . with claims pertaining to the K1100 Hancock Road and the K1070 Cave Lakes Road resolved and removed from these proceedings." *Id.* The Court granted the Motion, and ordered Plaintiffs to amend their complaint within twenty-eight days from the date of the order.

On September 9, 2026, Plaintiffs filed the Amended Complaint, seeking to quiet title solely to the K1075 Cave Lakes Road.

## II. Basis for Stay or Consolidation

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) (quoting *Pet Milk Co.*

*v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)); *see also BlueRibbon Coal., Inc. v. BLM*, 2026 U.S. Dist. LEXIS 93553, *2 (D. Utah 2026).

A stay is warranted because the controlling evidentiary standard remains unsettled. Proceeding now would likely be wasteful of judicial and party resources when developments in the bellwether proceedings are expected to resolve the threshold legal questions and substantially affect the trajectory of this litigation. Additionally, staying this proceeding until those threshold issues are resolved will prevent inconsistent outcomes.

Should the Court decline to stay this proceeding, Plaintiffs alternatively request that this lawsuit be consolidated with the ongoing bellwether proceedings in Case No. 2:10-cv-01073 now pending before Judge Waddoups, dealing with other roads in Kane County, Utah. Under Fed. R. Civ. P. 42, a court may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Stern v. Acad. Mortg. Corp.*, 2025 U.S. Dist. LEXIS 90868 (D. Utah 2025) (cleaned up). This case involves common questions of law and facts with the bellwether proceedings because both actions arise under R.S. 2477 and concern claims for public rights-of-way in Kane County, Utah.

While Plaintiffs' preference is that this case be stayed before this Court pending further action or status reports, Plaintiffs are amenable to consolidation as an alternative.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court stay or consolidate this lawsuit.

Dated this 22nd day of September, 2026.

HOLLAND & HART LLP

*/s/ Shawn T. Welch*
Shawn T. Welch
Richard D. Flint
Sydney J. Sell
Ryder Seamons
Attorneys for Plaintiff Kane County, Utah

UTAH ATTORNEY GENERAL'S OFFICE

*/s/ * K. Tess Davis*
Jason L. DeForest
K. Tess Davis
Assistant Attorneys General
Attorneys for Plaintiff State of Utah

* Signed with permission given to filing counsel

39607661_v1