**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| KANE COUNTY, UTAH, a Utah political subdivision, and the STATE OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **ORDER CONSOLIDATING CASES**<br><br>Lead Case No. 2:08-cv-00315 CW<br><br>Member Case No. 4:25-cv-00090 |

Plaintiffs Kane County, Utah and the State of Utah moved to stay these proceedings or consolidate this case with *Kane County, Utah (1) v. United State*s, Case No. 2:08-cv-00315 CW ("2008 Case").[1] The Motion states that "Defendant United States of America . . . does not oppose this motion and consents to a stay or consolidation."[2] The parties to this case are parties to the 2008 Case. And these cases are a subset of many cases filed by the State of Utah and county plaintiffs seeking adjudication of rights of way acquired under R.S. 2477 ("Road Cases").[3]

The 2008 Case includes many claims to quiet title to roads on federal property. One of those claims is identical to the sole remaining claim in this case which seeks to quiet title to the

[1] Unopposed Motion to Stay or Consolidate, docket no. 56, filed September 22, 2026.

[2] *Id.*, fn. 1 at 2.

[3] *See, e.g.*, Exhibit 1 to Memorandum Decision and Order for Joint Case Management and Transferring Case, Case No. 2:10-cv-1073 CW, docket no 78-1, filed March 13, 2013.

K1075 Cave Lakes Road. While this case originally involved additional roads, the only road now remaining at issue in this new case is the K1075 Cave Lakes Road.[4]

After years of litigation in the 2008 Case and a full trial on the merits, the district court quieted title to the K1075 Cave Lakes Road "in favor of the United States."[5] Plaintiffs appealed the loss of the K1075 Cave Lakes Road to the Tenth Circuit Court of Appeals but the Tenth Circuit dismissed for lack of subject matter jurisdiction.[6] The Circuit concluded there was no "disputed title" sufficient to confer jurisdiction under the Quiet Title Act because "Kane County . . .produced no evidence as to how the [BLM requirement of] permits interfered with any development plans"[7] In this case, there is clearly a dispute as to title of and rights in the K1075 Cave Lakes Road.

Many issues of law and fact are common in the Road Cases. Most of the active Road Cases are presided over by Judge Clark Waddoups who has consolidated several cases for discovery and case management.[8] Bellweather roads have been designated to serve as patterns for means of resolution of fact issues, and for appellate validation of legal principles to govern all the Road Cases.

Judge Waddoups and I have conferred.[9] The issues of law and fact as to the K1075 Cave Lakes Road are identical in this case and the 2008 case. The 2008 Case has a substantial record

---

[4] Amended Complaint, docket no. 53, filed September 9, 2026.

[5] *Kane County, Utah v. United States*, Case No. 08-cv-0315 CW, 2013 WL 1180764, *55 (D. Utah March 20, 2013).

[6] *Kane Cty. v. United States*, 772 F.3d 1205, 1214 (10th Cir. 2014).

[7] *Id.*

[8] Discovery and Amended Consolidated Case Management Order, Case No. 2:10-cv-1073, docket no. 324, filed September 16, 2016.

[9] DUCivR 42-1(b).

as to the K1075 Cave Lakes Road. We agree that to ensure judicial efficiency and consistency, this case should be consolidated with the 2008 Case.

IT IS HEREBY ORDERED that the alternative relief requested in the Unopposed Motion to Stay or Consolidate[10] is GRANTED. This case is consolidated into *Kane County, Utah (1) v. United State*s, Case No. 2:08-cv-00315 CW.

DATED this 25th day of September, 2026.

BY THE COURT:

Judge David Nuffer
United States District Court Judge

[10] Docket no. 56, filed September 22, 2026.